## ROBIN EXPRESS, INC. *v.* CUCCARO

[No. 462, September Term, 1966.]

*Decided June 27, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Paul J. Feeley,* with whom was *Michael J. Lambros* on the brief, for appellant.

*Joseph F. Lentz, Jr.,* with whom was *W. D. Hooper, Jr.,* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is by Robin Express, Inc., the employer, from an order of the Baltimore City Court dismissing its appeal from an order of the Workmen's Compensation Commission dated March 3, 1966, which refused its motion for a rehearing and affirmed a previous order of the Commission dated November 23, 1965, granting the appellee Cuccaro, the employee, additional temporary total and permanent partial disability compensation.

Robin Express, Inc., was twice notified of the hearing which preceded the award of November 23 but did not respond on either occasion and was not present when that hearing was held. When its motion for reopening of the case under Code (1957), Art. 101, § 40 (c), was denied, it appealed to and filed a petition in the Baltimore City Court, alleging that it had requested a new hearing at which to present testimony that it was not and Davidson Trucking Company was Cuccaro's employer, and that the Commission had denied its motion and affirmed its order of November 23, and asking that the court remand the case for the taking of testimony to establish the true employer. Judge Sklar ruled:

> "From the various authorities submitted by the employer, it is evident that there is a broad power given the Commission to reopen but the right of appeal from a refusal to reopen is limited to situations involving

aggravation, diminution, or termination of an injury [under § 40 (b)]. This type of situation is not involved in the case at bar [which arises under § 40 (c)],"

and dismissed the appeal. We think he acted correctly.

In *Charles Freeland v. Couplin*, 211 Md. 160, the Commission had reopened the case under § 40 (c) [then § 53] of Art. 101 and then affirmed its previous order which had not been effectively appealed from. The lower court entertained the appeal and the jury held for the employee. This Court said:

> "Therefore it must be decided whether the Commission had the power to reopen the case more than fifteen months after its original decision refusing to allow the claim, and thereby make it possible for claimant to appeal from the second rejection of her claim more than fifteen months after she had lost the right to appeal from the Commission's first rejection." (p. 164)

The lower court was affirmed. This Court then distinguished *Gold Dust Corp. v. Zabawa*, 159 Md. 664, 666, also involving the same section of the Code (then § 54), in which this Court had held there was no right of appeal from the action of the Commission in refusing to reopen the case. In *Gold Dust*, Chief Judge Bond for the Court said: "The refusal to reopen was a decision, of course, but it was only a decision not to interfere with a previous decision settling the merits of the claim," and pointed out that the refusal of an equity court to reopen a previous decree like the refusal of a court of law to grant a new trial is not appealable and that no appeals are allowed from decisions of the Orphans' Court declining to reopen previous decisions. He added:

> " 'If parties could open orders or decrees, on appeal, in this indirect way,' said the court in *Lefever v. Lefever*, 6 Md. 478, 'it would virtually amount to a repeal of the law limiting the time within which appeals should be taken, and lead to interminable litigation.' " (p. 667)

If a court or administrative body reopens a case its second decision, be it the same or different from its previous decision, is a new holding; if it refuses to reopen, it decides only not to interfere with its previous decision which stands unimpeached as of its original date.

In the case before us the order of the Commission refused to reopen the earlier decision and *Gold Dust* and its rationale control.

*Order affirmed, with costs.*