## SAM ROY WILLIAMS v. JAMES McHUGH ET AL.

[No. 1237, September Term, 1981.]

*Decided May 6, 1982.*

The cause was argued before LOWE, MACDANIEL and WEANT, JJ.

*Alan B. Gross,* with whom were *Ashcraft & Gerel* on the brief, for appellant.

*Arthur V. King* for appellees.

LOWE, J., delivered the opinion of the Court.

Maryland's Workmen's Compensation Commission has been legislatively provided limited procedural rule-making authority which includes the right to

"prescribe the time within which adjudications and awards shall be made. . . ." Md. Ann. Code (1979) Repl. Vol.), Art. 101, § 10.

While it is clear that this was intended to permit the Commission to determine its own minimum standards for

deciding cases to which it would be expected to adhere, it is equally certain that the Legislature had no intention that such rule or rules were to be so strictly enforced as to curtail the rights of a claimant. In fact, the Legislature made it explicitly clear that

> "all such rules and regulations shall conform to the provisions of this article." *Id.*

One of the provisions of "this article" is an unique legislative directive to the Commission and to the courts, in § 63, that the Act should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes, and that any uncertainty in the law should be resolved in favor of the claimant.

The Commission enacted Rule 15A, which states that:

> "When a claim has been scheduled for a hearing and notices have been served upon the claimant by mailing in due course a copy to his last known post office address two successive times, and the claimant has failed to appear, the claim shall be held in abeyance by the Commission for one year from the date of the last scheduled hearing. If within the said year the claimant does not make a further request for hearing, the claim shall be automatically dismissed, or decided on the record, as the case may be."

This was obviously a procedural guideline permitting the Commission to clear its dockets of abandoned cases, while leaving some discretion to decide a questionable case within the construction guides of § 63. It clearly did not intend to restrict itself so as mandatorily to curtail its right — or duty — to modify or change its former orders or findings when it felt justified, within five years of a compensation payment as legislatively authorized in Art. 101, § 40 (c). Indeed, if the Commission had intended to restrict further its discretionary modification authority to the possible detriment of a claimant, such rule would have been ultra vires to that

extent and purpose, as failing to conform with § 40 (c) and § 63. Art. 101, § 10.

In the case at bar, the parties entered into a Joint Stipulation of Fact for purposes of the appeal from the Workmen's Compensation Commission to the Circuit Court for Montgomery County. The pertinent elements of the stipulation were that appellant (who was the appellee below) had sustained a compensable injury on October 3, 1978 and obtained a temporary total disability award by order dated November 16, 1978.. Appellant's attorney requested a hearing and the appellees filed issues that same month. Appellant's attorney lost contact with him, and on two occasions, neither appeared at scheduled hearings.

The claim was placed on the stet docket on April 4, 1979, and remained there until November 12, 1980, when appellant notified the Commission that he had retained new counsel. The appellees raised the issues of nature and extent of disability and "limitations based on the stet docket rule" on that very day. Significantly, the Commissioner decided

"that the above entitled case is not Barred by Limitations; and further ORDERED that this Award is subject to further consideration by this Commission on issues to be raised; subject to the provisions of the Workmen's Compensation Law of Maryland."

An appeal was taken to the Circuit Court for Montgomery County, which correctly stated that

"it is always hard cases like this that result in bad law and it may be bad law from a nisi prius standpoint that I'm establishing today";

but it incorrectly held,

"that either [appellant] slept on his rights or he's guilty of laches which may constitute a waiver of the statutory protection he had or the mandatory nature of this procedural rule is such that it ought to be reviewed, revised, or interpreted by either the legislature or the Court of Appeals."

Initially we should note in passing that we are clearly cognizant of the "Accardi doctrine" set forth in *U.S. ex rel. Accardi v. Shaughnessy,* 347 U.S. 260 (1954). As we stated in *Board of Educ. of A. A. Co. v. Barbano,* 45 Md. App. 27, 41 (1980):

> " 'An agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down.' " *United States v. Heffner,* 420 F.2d 809, 811 (4th Cir. 1979); *Hopkins v. Md. Inmate Griev. Comm'n,* 40 Md. App. 329, 335-336 (1978).

We are equally cognizant of the trend in the Court of Appeals to presume that the statutory use of the word "shall" is mandatory. *Pope v. Secretary of Personnel,* 46 Md. App. 716 (1980). We are, however, also aware that by its rule-making power (Md. Rule 18), or even by constitutional directive (Md. Const., Art. IV, §§ 15 and 23), that Court has never considered "shall" mandatory when dealing with "the time within which adjudications or awards shall be made . . ." for itself or the courts within its auspices. See *Davidson v. Katz,* 254 Md. 69, 78-79 (1969); *McCall's Ferry Co. v. Price,* 108 Md. 96, 112-113 (1908). It is inconceivable that the Court would interpret a quasi-judicial Commission's procedural rule otherwise, and impose substantive limitations adversely upon a claimant, contrary to the discretion given the Commission by statute. But that reflection is an opinion we may not express because this case should not have been before us. *Eastgate Associates v. Apper,* 276 Md. 698 (1976).

As pointed out, the Commission's order was not a final one and, as a consequence, no right to appeal arose from it. Md. Rule B1 a; *Great American Ins. v. Havenner,* 33 Md. App. 326, 328 (1976). Only if the Commission had ruled as the court did would the case have been finally terminated, *cf. In Re: Appeal No. 507, Term 1976,* 34 Md. App. 440, 444 (1977), and without such finality no appeal exists from administrative tribunals. *Big Vein Coal Co. v. Leasure,* 192 Md. 435, 437 (1949).

Although the circuit court's ruling was a final order terminating the rights of one of the parties, *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 91 (1978); *see also Clark v. Elyza,* 286 Md. 208, 212 (1979), it had no authority to do so.

We will, therefore, reverse the judgment of the Circuit Court for Montgomery County and remand the case to that court for it to dismiss the appeal from the Workmen's Compensation Commission, in order that the Commission may conclude its proceedings in accordance with its order of January 30, 1981.

> *Judgment reversed.*
> *Costs to be paid by appellees.*