536 A.2d 142

**James W. SUBER**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY.**

**No. 681, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 20, 1988.

**716**

Steven L. Willner, Suitland, for appellant.

Jana Kay Guggenheim (Jeffrey W. Ochsman and Friedlander, Misler, Friedlander, Sloan & Herz, on the brief), Washington, D.C., for appellee.

Argued before MOYLAN, BLOOM and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

The facts of this case are not in dispute. James W. Suber, appellant, an employee of Washington Metropolitan Area Transit Authority (W.M.A.T.A.), appellee, reported to his supervisor, on January 21, 1986, that he had been injured in the course of his employment. After he had completed an Employee Report of Injury form, the matter was referred to appellee's workmen's compensation claims agent for investigation. Thereafter, appellant received temporary total disability benefits accounting from January 22, 1986 through April 30, 1986. Appellant returned to full time employment duties after having been examined by a doctor to whom appellee had referred him.

Appellant filed a claim for workmen's compensation with the Workmen's Compensation Commission on or about May 22, 1986. Having assigned a consideration date [1] of June 16, 1986, the Commission notified appellee both that a claim had been filed and of the consideration date. When there was no response from appellee, the Commission issued a pro forma order on June 20, 1986. That order provided, in pertinent part:

> After due consideration of the above entitled case the Commission finds that the said claimant sustained an accidental personal injury arising out of and in the course of employment by the said employer on 1/21/86 that the nature and extent of disability sustained, if any, cannot be determined at this time.

Pursuant to that order, appellant, on July 7, 1986, submitted for consideration by the Commission the "issue" of the "nature and extent of any permanent partial disability" to appellant's cervical spine and shoulder. A copy of the "issue" was sent to appellee. On August 25, 1986, appellee responded by filing four "issues" of its own. In addition to the issue raised by appellant, it challenged whether appellant sustained an accidental personal injury arising out of and in the course of his employment and whether his disability was the result of an accidental personal injury arising out of and in the course of employment.

When the matter came on for hearing, the Commissioner, over appellant's objection, permitted appellee to pursue its late filed issues:

> I'll tell you what we'll do. That's quite a time after the consideration date. I don't know whether it slipped through the Claims Examiner, but whatever the situation, I'm going to hear the testimony, but I'll tell you now that I'm inclined to look very distastefully at raising the issue

---

1. The date, of which all parties are notified, after which the Commission will decide the claim, without hearing, on the basis of the information on file, if "issues" are not filed prior to that date. COMAR 14.09.01.08. *See Esteps Electrical v. Sager,* 67 Md.App. 649, 651 n. 1, 508 A.2d 1032 (1986).

at this particular time after this long period of time has passed. It might work as a prejudice—we'll take the testimony and I'll make a ruling.

After hearing the testimony, the Commissioner passed an order finding that "... the claimant did not [sustain] an accidental injury arising out of and in the course of his employment as alleged to have occurred on January 21, 1986...." Therefore, he disallowed the claim and rescinded and annulled the June 20, 1986 order.

Appellant appealed to the Circuit Court for Prince George's County, attacking the authority of the Commission to consider issues which were submitted after the consideration date and after the pro forma order had been issued by the Commission, in violation of its published rules and regulations. He also questioned whether appellee had waived its right to contest the claim. No issue was presented as to the propriety of the Commission's ruling on the merits. Both sides moved for summary judgment. The lower court granted appellee's motion, ruling that Maryland Code Ann. art. 101 § 40(c) "allows the Commission to hear those issues at a later time, to litigate those issues at a later time, and the Commissioner ruled correctly...."

On appeal, appellant presents the same two issues:

1. Did the Maryland Workmen's Compensation Commission commit error by its refusal to enforce and adhere to the published agency rules and to permit the Employer— self-insurer to raise defenses of accidental injury and causal connection to the claim for workmen's compensation benefits?

2. Did the Employer—self-insurer knowingly or intentionally waive its defenses to the claim for worker's compensation benefits by failing to contest the claim within the period of time allowed under the Commission's procedural rules as well as by voluntarily paying Appellant James W. Suber all temporary total disability benefits claimed before deciding to contest the claim and only

after receiving notice that Claimant intended to seek additional workmen's compensation benefits?

For the reasons that follow, we will affirm.

Section 40(c) provides:

(c) Modification or changes. The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within five years next following the last payment of compensation.

This provision is exceedingly broad, indeed, it is "one of the broadest re-opening statutes", which, "not only gives the Commission continuing jurisdiction over each case, [but] it also invests the Commission with blanket power to make such changes [in its former findings or orders] as in its opinion may be justified." *Subsequent Injury Fund v. Baker*, 40 Md.App. 339, 345, 392 A.2d 94 (1978). It authorizes the Commission to reopen a case for the purpose of reconsidering an issue already decided, *Adkins v. Weisner*, 238 Md. 411, 412–14, 209 A.2d 255 (1965); *Charles Freeland v. Couplin*, 211 Md. 160, 164–68, 126 A.2d 606 (1956); *Hathcock v. Loftin*, 179 Md. 676, 678, 22 A.2d 479 (1941); *Stevenson v. Hill*, 170 Md. 676, 681–84, 185 A. 551 (1936), even in the absence of a change of facts or newly discovered evidence. *Baker*, 40 Md.App. at 346, 392 A.2d 94. *See Ratcliffe v. Clarke's Red Barn*, 64 Md.App. 293, 300, 494 A.2d 983 (1985). Because, "[i]n a real sense, § 40 (c) gives the Commission a revisionary power akin to that available to courts under Md.Ann.Code Courts article § 6–408, and Maryland Rule 625 a. [present Rule 2–535], but without the

thirty day limitation," [2] it is clear that the Commission is not "irrevocably bound by its earlier findings." *Vinci v. Allied Research,* 51 Md.App. 517, 522, 444 A.2d 462 (1982). *See Anchor Motor v. Sub. Injury Fund,* 278 Md. 320, 328, 363 A.2d 505 (1976).

This Court, in *East Coast Freight Lines, Inc. v. Harris,* 37 Md.App. 256, 377 A.2d 530 (1977), considered the question whether the Commission had authority to entertain "issues" filed after the adoption of an award of compensation and to vacate that award. There, the employer filed issues late, and the question whether the employer was insured was a matter that was the subject of considerable confusion. 37 Md.App. at 262, 377 A.2d 530. The Commission, having entertained the late filed issues and found that the employee's claim for compensation should be disallowed, "rescinded and annulled" its prior order. 37 Md. App. at 261, 377 A.2d 530. On appeal to the Circuit Court, the employee argued that filing issues late was, in effect, a request for rehearing pursuant to Art. 101 § 56(e), which permits the Commission to grant a motion for rehearing "only upon grounds of error of law, or newly discovered evidence". The Circuit Court agreed and reversed the Commission's order.

We reversed. Noting that because no hearing had been held in the first place, filing of issues late could not constitute a Motion for Rehearing, we rejected the § 56(e) argument. 37 Md.App. at 262, 377 A.2d 530. Then, declining to "decide whether the Commission's actions in that case was a modification or change within the meaning of Art. 101, § 40(c)", 37 Md.App. at 264, 377 A.2d 530, we acknowledged that the Commission's powers and jurisdiction over its cases "shall be *continuing,* and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto *as in its opinion may*

---

**2.** It might also have been observed that the Commission's discretion to reopen a prior decision is not restricted to those instances in which it finds "fraud, mistake or irregularity."

*be justified....*" (emphasis in original) 37 Md.App. at 263, 377 A.2d 530, quoting *Plater v. Kane Warehouse Co.*, 241 Md. 462, 466, 217 A.2d 102 (1966). We held:

> ... when, as here, the Commission without a hearing renders an award of temporary total disability, it has continuing jurisdiction under § 40(c) and Rule 11 [3], and may, under the rule, for good cause, set the case down for a plenary hearing upon "issues" timely filed.

37 Md.App. at 264, 377 A.2d 530. We went on to say:

> Even in the absence of a specific rule, we think the Commission would have authority to reserve continuing jurisdiction where, as here, the award which was made was inadvertent, was not one upon which a hearing had been held, was temporary only and could not be deemed to constitute a final award.

37 Md.App. at 264–265, 377 A.2d 530, citing *Porter v. Bethlehem—Fairfield Shipyard, Inc.*, 188 Md. 668, 53 A.2d 668 (1947); 3 A. Larson, The Law of Workmen's Compensation § 81.53 (1976).

 The case *sub judice*, of course, is not on all fours with *East Coast Freight Lines, supra:* in the instant case, the issues were filed more than two months after the pro forma order issued, as opposed to three days in *East Coast Freight Lines,* and the award which was made may not be characterized as "inadvertent". Furthermore, in this case, the Commission's rules of procedure were not relied upon,

---

**3.** Rule No. 11.

The Commission will not grant reviews of awards upon application of a party or parties except such application be be made upon the grounds of a change in conditions as provided in Section 40 of this Article and be accompanied with statement of facts alleged to constitute such change of conditions, but upon its own motion it will exercise its continuing jurisdiction over each case, and for reasons deemed by it to be sufficient will, from time to time, make such modification or change with respect to its former findings or orders relating to any such case as in its opinion may be just, including the making of awards in cases where they may have been denied, but no award will be changed or modified upon ex parte information unless said information is against the interest of the party giving same.

either by the Commission or by the court, to justify the Commission's actions. On the other hand, this case is like *East Coast Freight Lines* in that the order was issued without a hearing and, in context, was temporary only. Despite the differences, and considering the plain and unambiguous language of § 40(c), and the interpretation placed upon it by the Maryland courts, we hold that the same result as that reached in *East Coast Freight Lines* is mandated in the case *sub judice.*

■ This is simply a case of a commissioner exercising the continuing powers and jurisdiction that the Commission has over its cases to modify prior findings after hearing the evidence. Although there was no statement from appellee as to the reasons for filing its issues late, appellee not having been required by the Commissioner to make one, it is obvious that the Commissioner, having heard all of the evidence was convinced that appellant did not sustain an accidental personal injury in the course of his employment. Thus, the Commissioner exercised his discretion to consider appellee's issues because "the interests of justice and proper administrative procedure required such action". *East Coast Freight Lines,* 37 Md.App. at 263, 377 A.2d 530. Neither the fact that he need not have allowed appellee to raise issues, nor the fact that, preliminary to and as a condition of entertaining them, he could have required appellee to show good cause for not raising the issues timely provides any basis for complaint by appellant where, as here, the record reflects that the Commissioner had a substantial basis for his actions.[4]

Appellant reminds us that:

---

4. Appellee, relying upon *Roadway Express, Inc. v. Gray,* 40 Md.App. 66, 389 A.2d 407, *cert. denied,* 283 Md. 737 (1978); *Robin Exp., Inc. v. Cuccaro,* 247 Md. 262, 230 A.2d 671 (1967); *Stevenson v. Hill,* 170 Md. 676, 185 A. 551 (1936); *Gold Dust Corp. v. Zabawa,* 159 Md. 664, 152 A. 500 (1930), contends that, since appellant did not appeal the Commission's judgment on the merits, the propriety of the Commissioner's exercise of discretion pursuant to § 40(c) was not before the Circuit Court and is not now before this Court. As noted earlier, the

An agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down.

*Board of Educ. of A.A. County v. Barbano,* 45 Md.App. 27, 41, 411 A.2d 124 (1980). Noting that the Commission has promulgated rules, pursuant to Maryland Code Ann. art. 101 § 10, among them Rule .08 [5], pertaining to the consideration date, and Rule .12, governing the filing of applications for review, appellant argues that adoption of appellee's position vis-a-vis the breadth of § 40(c) would render § 40(c) an alternative to appeal from an unfavorable decision by the Commission and would render the Commission's regulations a nullity. Appellant thus maintains that the Commission and the Circuit Court have erroneously interpreted and applied § 40(c) so as to "defeat the clear requirements set out in the other provisions of the Act or required by [the Commission's] own rules and procedures."

---

§ 40(c) revisory power is analogous to that of Md. Rule 2–535, which prescribes the limits of the court's revisory power. The granting or denial of a motion to strike out an enrolled judgment pursuant to that Rule is in the nature of a final judgment, and, therefore, is appealable. *Kraft v. Sussex Constr. Corp.,* 35 Md.App. 309, 310–11, 370 A.2d 570 (1977). *See First Federated Commodity Trust Corp. v. Commissioner of Securities,* 272 Md. 329, 332–33, 322 A.2d 539 (1974). Appellate review of such a decision involves determining whether the hearing judge abused his or her discretion. *See New Freedom Corp. v. Brown,* 260 Md. 383, 386, 272 A.2d 401 (1971). Given the similarity between Rule 2–535 and § 40(c), we think the identical principle applies: a decision to modify prior findings and orders, or the denial of same, is appealable and may be overturned upon a showing of an abuse of discretion.

**5.** Rule .08 Consideration Date.
A. Notice to Parties.
Upon receipt of a claim, the Workmen's Compensation Commission shall send notice to all parties that the Commission will consider the claim on a date not to exceed 20 days from the issuance of the notice. An extension of the consideration date is not permitted in any case where the carrier has failed to file notification of insurance.
B. Issuance of Order.
If no issues are filed contesting the compensibility of the claim on or before the consideration date, the Commission will consider the evidence in the file and will issue an order accordingly.

■ A similar argument was made in *Williams v. McHugh*, 51 Md.App. 570, 444 A.2d 475 (1982), which was concerned with the effect of Commission Rule 15A on the power of the Commission to modify or change its prior findings and order pursuant to § 40(c). Judge Lowe's response is instructive:

> This was obviously a procedural guideline permitting the Commission to clear its dockets of abandoned cases, while leaving some discretion to decide a questionable case within the construction guides of § 63. It *clearly did not intend to restrict itself so as mandatorily to curtail its right—or duty—to modify or change its former orders or findings when it felt justified, within five years of a compensation payment as legislatively authorized in Art. 101 § 40(c).* Indeed, if the Commission had intended to restrict further its discretionary modification authority to the possible detriment of a claimant, such rule would have been ultra vires to that extent and purpose, as failing to conform with § 40(c) and § 63. Art. 101, § 10. (emphasis added)

51 Md.App. at 571–72, 444 A.2d 475. We agree with this assessment of the relationship between procedural rules promulgated by an agency and the statute pursuant to which the agency acts. We too find it "inconceivable that the Court would interpret a quasi judicial Commission's procedural rule [so as to] impose substantive limitations adversely upon a [litigant], contrary to the discretion given the Commission by statute." 51 Md.App. at 573, 444 A.2d 475. We point out in this regard that § 10 provides that "all such rules and regulations shall conform to the provisions of this article."

## WAIVER

■ Appellant next argues that appellee waived its right to challenge his claim for compensation or is estopped to assert a defense to the claim. The premise for this argument is that appellee voluntarily accepted appellant's claim when it, in violation of Commission Rule .07, paid appellant

temporary total disability benefits prior to an award by the Commission [6]. We do not agree.

We have already determined that a Commission rule cannot limit the Commission's exercise of discretion given it by statute. Furthermore, acceptance of appellant's position would present the anomalous situation in which one who has been unjustly enriched can parlay that unjust enrichment into an irrevocable right. We refuse to accept that position. Merely because it made temporary total benefit payments, which it is not entitled to recover, to appellant prior to a claim being filed and, in addition, failed timely to file issues, appellee did not, as a matter of law, waive its right, and is not estopped, to contest appellant's claim.[7]

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

6. Rule .07 Payment of Claims.
 A. The insurer or employer may not pay, either in whole or in part, any claim for compensation for disability or death arising under the provisions of Article 101, Annotated Code of Maryland, until a claim has been filed with the Commission.
 B. This regulation does not apply to payment of medical and other services arising under the provisions of Article 101, § 37. Charges for medical and other services are payable promptly after receipt and may be paid, or contested, with or without a claim being filed.

7. Appellant does not contend that the pleadings raised an issue of material fact which must be resolved by trial, an issue significantly different than that presented on this appeal.