*Board of Education of Harford County, et al. v. Linda A. Sanders,* Case No. 111, September Term 2020. Opinion filed on March 31, 2021, by Berger, J.

ADMINISTRATIVE LAW AND PROCEDURE – JUDICIAL REMEDIES AND REVIEW – PROCEEDINGS TO OBTAIN REVIEW – APPEAL AND ERROR – MOTION TO REOPEN

Where a party requests that the Workers' Compensation Commission reopen her claim, a refusal to reopen is not subject to judicial review. So long as the Workers' Compensation Commission does not consider the merits of a claimant's argument or rely on new evidence in the issuance of a new or amended order, its previous decision stands unimpeached as of its original date. The trial court erred in denying a party's motion to dismiss a petition for judicial review of the Workers' Compensation Commission decision to summarily deny a party's request to reopen her claim.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 111

September Term, 2020

_____

BOARD OF EDUCATION OF HARFORD
COUNTY, ET AL.

v.

LINDA A. SANDERS

_____

Berger,
Gould,
Eyler, Deborah S.,
        (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Berger, J.

_____

Filed: March 31, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This case arises from a workers' compensation claim filed by Linda A. Sanders ("Sanders"), Appellee, and a subsequent petition for judicial review of a denial of her request to reopen and modify her workers' compensation case. Sanders alleged that she incurred an injury in her workplace while employed by Appellants, the Board of Education of Harford County and the Maryland Association of Boards of Education ("Appellants"). On March 10, 2020, the Circuit Court for Harford County issued an order granting Sanders' motion for summary judgment and denying Appellants' cross-motion for summary judgment. Further, the trial court remanded the case to the Workers' Compensation Commission (the "Commission") to exercise its discretion in considering Sanders' request to reopen and modify her workers' compensation claim. Appellants appealed from the circuit court's order and present one question for our review,[1] which we have rephrased as follows:

> Whether the trial court erred in denying Appellants' motion to dismiss and motion for summary judgment by holding that the Commission's denial of Sanders' request to reopen and modify her claim required specific language showing an exercise of discretion and that the Commission's denial was subject to judicial review.

---

[1] Appellants' original question presented is as follows:

> Did the Circuit Court err when it denied Appellants' Motion to Dismiss and, later, Appellants' Motion for Summary Judgment, by holding that the Workers' Compensation Commission was required to hold a hearing, consider the Appellee's 2018 request for modification of its June 25, 2015 Order and document its exercise of discretion?

For the reasons set forth below, we shall reverse and remand the judgment of the circuit court.

## FACTS AND PROCEEDINGS

On October 7, 2014, Sanders was working as a school bus driver for Appellants. While working, Sanders attempted to lift a disabled child in a wheelchair onto a school bus. While Sanders was lifting the wheelchair, the student twisted Sanders' hair through her fingers and dug her fist into Sanders' head while pulling her head down. While bent over, Sanders attempted to escape from the student's grasp and sustained injuries to her neck and left shoulder. Years later, Sanders' surgeon described Sanders' injury as a "torsional twisting injury." On November 17, 2014, Sanders filed a claim with the Commission for workers' compensation benefits. On June 15, 2015, the Commission held a full evidentiary hearing where both Sanders and Appellants presented testimony and other evidence.

On June 25, 2015, the Commission issued an Order reflecting that Sanders was paid temporary total disability from October 8, 2014 to December 18, 2014. Sanders' average weekly wage during that time was $748.61. Additionally, the Commission denied Sanders' additional claim for temporary total disability. Further, the Commission granted Sanders' request for authorization for four additional weeks of physical therapy for her left shoulder. Finally, the Commission denied Sanders' requests for authorization for surgery to the left shoulder, authorization for referral to a spine specialist, and authorization for an EMG/NCS. At the time, Sanders did not file a petition for judicial review of the

2

Commission's decision. Sanders underwent surgery on her left shoulder on September 30, 2015, using her personal health insurance to pay the costs.

More than three years later, on October 15, 2018, Sanders filed a request for modification of the June 25, 2015 Order. Sanders sought modification pursuant to Md. Code Ann., Labor and Employment § 9-736. Sanders attached to the request a report from Dr. Anand Murthi ("Dr. Murthi") regarding her shoulder surgery and sought payment of Dr. Murthi's bills. Sanders had seen Dr. Murthi for the first time on September 3, 2015, prior to his performance of the surgery on her left shoulder. On October 16, 2018, the Commission denied Sanders' request for modification without holding a hearing. On November 20, 2018, Sanders filed a petition for judicial review with the Circuit Court for Harford County.[2] On December 20, 2018, Appellants filed a motion to dismiss alleging that the appeal was untimely, and that Sanders had no right to judicial review of the Commission's decision. The trial court granted Appellants' motion on January 7, 2019 without explaining the reasons for dismissing the case.

On January 3, 2019, Sanders filed an additional request for modification of the Commission's June 25, 2015 Order. Sanders requested identical relief, namely, payment of Dr. Murthi's medical bills. Nevertheless, this time, Sanders attached a deposition transcript of Dr. Murthi related to a state disability retirement claim. At no time did Sanders assert a worsening condition related to the shoulder surgery following her injury. In his deposition, Dr. Murthi testified that he believed Sanders required a total left shoulder

---

[2] *See Sanders v. Bd. of Educ. of Harford Cnty.*, Circuit Court for Harford County, Case No. C-12-CV-18-000934.

3

replacement surgery. On January 4, 2019, the Commission denied Sanders' second request for modification without holding a hearing. On January 31, 2019, Sanders filed a petition for judicial review with the Circuit Court for Harford County. On February 26, 2019, Appellants filed a motion to dismiss, contending that Sanders had no right to judicial review of the Commission's decision not to reopen her claim. On March 13, 2019, Sanders filed an opposition to Appellants' motion to dismiss, arguing that she had the right to petition for judicial review from the Commission's decision. On September 27, 2019, the trial court held a hearing on the motion to dismiss. The trial court held the matter *sub curia* for the submission of additional written arguments requested by the court. On October 21, 2019, the trial court issued a Memorandum Opinion and subsequently issued an order denying Appellants' motion to dismiss.

On November 7, 2019, Appellants filed a motion to alter or amend the judgment. The circuit court denied the motion. On January 10, 2020, Sanders filed a motion for summary judgment. Thereafter, Appellants responded and filed a cross-motion for summary judgment. On January 31, 2020, the trial court issued a Memorandum Opinion denying Appellants' cross-motion for summary judgment and granting Sanders' motion for summary judgment. On February 5, 2020, Sanders filed a motion to revise the trial court's Memorandum Opinion. Later, on March 10, 2020, the trial court issued an Amended Memorandum Opinion and Order correcting a clerical error regarding the date

4

of the second request for modification filed by Sanders with the Commission.[3]  The trial court remanded the case to the Commission with directions to consider Sanders' request for modification and to include any exercise of discretion in its decision.  Appellants noted a timely appeal to this Court on March 27, 2020.

## DISCUSSION

### Standard of Review

Generally, "[i]n an appeal from judicial review of an agency action, we look through the decision of the circuit court and review the agency's decision directly."  *W. Montgomery Cnty. Citizens Ass'n v. Montgomery Cnty. Plan. Bd. of the Md.-Nat'l Park & Plan. Comm'n*, 248 Md. App. 314, 332–33 (2020) (citing *Clarksville Residents Against Mortuary Def. Fund, Inc. v. Donaldson Props.*, 453 Md. 516, 532 (2017)).  Notably, we "give considerable weight to the agency's interpretation and application of the statute which the agency administers." *Mayor of Rockville v. Pumphrey*, 218 Md. App. 160, 194

---

[3] Generally, a notice of appeal must be filed within thirty days after the entry of judgment from which the appeal is taken.  Md. Rule 8-202(a).  Nevertheless, "[i]n a civil action, when a timely motion is filed pursuant to Rule 2-532, 2-533, or 2-534, the notice of appeal shall be filed within 30 days after entry" of a withdrawal of the motion or an order denying or disposing of the motion.  Md. Rule 8-202(c).  Critically, Maryland Rule 8-202(c) "also extends the time period for noting an appeal to this court when a party files a revisory motion under Rule 2-535 within 10 days after entry of judgment." *Estate of Vess*, 234 Md. App. 173, 194 (2017).  Here, the trial court's Memorandum Opinion was docketed on February 3, 2020.  Sanders filed a motion to revise under Maryland Rule 2-535(d) on February 5, 2020, within ten days of entry of judgment.  Therefore, the time to file the notice of appeal was extended to thirty days after Sanders' withdrew her motion or the trial court issued an order disposing of the motion.  The trial court's Amended Memorandum Opinion, disposing of Sanders' motion, was docketed on March 11, 2020.  Therefore, both parties were required to file a notice of appeal within thirty days, or by April 10, 2020.  Appellants filed a notice of appeal on March 27, 2020.  Accordingly, Appellants' appeal was timely.

(2014) (citation and quotation marks omitted).  Further, we "afford the Commission a degree of deference, as appropriate, in its formal interpretations of the Workers' Compensation Act." *Montgomery Cnty. v. Deibler*, 423 Md. 54, 60 (2011) (internal citations omitted).  Nevertheless, "we may always determine whether the administrative agency made an error of law." *Watkins v. Sec'y, Dep't of Pub. Safety & Corr. Servs.*, 377 Md. 34, 46 (2003) (internal citations omitted).

In reviewing a motion to dismiss, a court accepts "all well-pled facts in the complaint, and reasonable inferences drawn from them, in a light most favorable to the non-moving party." *Converge Servs. Grp., LLC v. Curran*, 383 Md. 462, 475 (2004) (internal citations omitted).  Courts will only find that dismissal is proper "if the alleged facts and permissible inferences, so viewed, would, if proven, nonetheless fail to afford relief to the plaintiff." *Pendleton v. State*, 398 Md. 447, 459 (2007) (internal citations omitted).  On review, we look to determine if the trial court was legally correct in its decision to grant or deny the motion to dismiss.  *Sprenger v. Pub. Serv. Comm'n*, 400 Md. 1, 21 (2007).

We review a circuit court's decision to grant summary judgment on a question of law *de novo*.  *Laing v. Volkswagen of Am., Inc.*, 180 Md. App. 136, 152–53 (2008).  We focus on whether the trial court's decision was legally correct.  *Id.*  We are obligated to conduct an independent review of the record to determine if there is a genuine dispute of a material fact.  *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 294 (2007).

6

**I.** **The trial court erred in denying Appellants' motion to dismiss because the Commission has broad discretion to summarily deny a request to reopen and such a denial is not subject to judicial review.**

Section 9-736(b) of the Labor and Employment Article of the Maryland Code provides:

> (b) (1) The Commission has continuing powers and jurisdiction over each claim under this title:
>
> (2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.
>
> (3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the latter of:
>
> > (i) the date of the accident;
> >
> > (ii) the date of disablement; or
> >
> > (iii) the last compensation payment.

Md. Code (1991, 2016 Repl. Vol.), § 9-736(b) of the Labor and Employment Article ("L&E").[4] "The Maryland Workers' Compensation Act is remedial and, as a result, is generally interpreted liberally in favor of the claimant." *McLaughlin v. Gill Simpson Elec.*, 206 Md. App. 242, 253 (2012) (citing *Harris v. Bd. of Educ.*, 375 Md. 21, 37–38 (2003)). Although remedial statutes are normally given a liberal construction, "the predominant

---

[4] The parties do not dispute that Sanders' request was timely filed within 5 years of the date of the accident. *See* L&E § 9-736(b)(3)(i).

goal of th[is] Court is to ascertain and implement the legislative intent." *Arundel Corp. v. Marie*, 383 Md. 489, 502 (2004).

We must "construe the statute as a whole and interpret each of its provisions in the context of an entire statutory scheme." *Md. Ins. Admin. v. Md. Individual Practice Ass'n, Inc.*, 129 Md. App. 348, 355 (1999) (internal citations omitted). "Where the statute in question contains no ambiguity, the intent of the legislature is clear, and the doctrine of liberal construction does not apply." *McLaughlin*, *supra*, 206 Md. App. at 254 (citing *Arundel Corp.*, *supra*, 383 Md. at 502). "Despite the general tendency toward liberal interpretation of the Workers' Compensation Act, the statute of limitations in [L&E] § 9-736(b)(3) is to be strictly construed." *Id.* at 254–55 (citing *Stevens v. Rite-Aid Corp.*, 340 Md. 555, 568 (1995)). The enactment of this limitations provision restricts the "Commission's ability to exercise its authority to reopen prior awards." *Vest v. Giant Food Stores, Inc.*, 329 Md. 461, 472 (1993) (internal citations omitted).[5]

Based on the strict construction of L&E § 9-736(b), the Commission has the authority to decide whether to reopen or modify a case upon a request by the claimant.

---

[5] Subsequent to the parties' filing their briefs, Appellants petitioned this Court to allow supplemental briefing in light of the Court of Appeals' opinion in *Montgomery County v. Cochran*, 471 Md. 186 (2020). Appellants argue that the holding in *Cochran* presents a procedural issue foreclosing any argument by Sanders due to a distinction between the reviewability of a "Compensation Order" and an "Award of Compensation." *See id.* at 242. Appellants contend that the Order in this case constitutes a "Compensation Order" and, therefore, Sanders' petition was not properly filed with the Commission *ab initio*. We reject this interpretation of *Cochran*. In our view, Sanders' request for modification of the Order was properly filed with the Commission. For the reasons we shall explain in Section II, we nevertheless hold that the Commission properly denied Sanders' request for modification of its June 25, 2015 Order. *See infra* Section II.

8

Here, the Commission exercised its broad discretion in refusing to reopen or modify Sanders' claim. Accordingly, the trial court erred in granting Sanders' motion to dismiss as the Commission summarily denied Sanders' request and such a decision is not subject to judicial review.

**II.    The Commission's Order of January 4, 2019, denying Sanders' request for modification, was clear that the Commission summarily denied Sanders' request, and, therefore, is not subject to judicial review.**

Maryland courts have consistently held that the Commission's decision to deny a request to reopen and modify a claim is not a reviewable decision. *Robin Express, Inc. v. Cuccaro*, 247 Md. 262, 264–65 (1967). Indeed, "a decision declining to interfere with a previous decision is not one intended to be included under a general statutory allowance of appeal from any decision." *Gold Dust Corp. v. Zabawa*, 159 Md. 664, 666 (1930). Notably, the Court of Appeals has held that:

> [i]f a court or [an] administrative body reopens a case[,] its second decision, be it the same or different from its previous decision, is a new holding; if it refuses to reopen, it decides only not to interfere with its previous decision which stands unimpeached as of its original date.

*Cuccaro*, *supra*, 247 Md. at 265.

In *Blevins v. Baltimore County*, 352 Md. 620 (1999), the Court of Appeals favorably cited the reasoning in both *Cuccaro* and *Gold Dust*. In *Blevins*, the Court was considering an issue regarding set-off provisions in the Workers' Compensation Act. *Id.* at 622. Additionally, the consolidated case presented a procedural issue related to L&E § 9-736(b). *Id.* at 622–23. Citing *Gold Dust*, the *Blevins* Court summarized the law regarding the right to judicial review for requests to reopen filed with the Commission. *Id.* at 631–33. The

9

Court reiterated that the provisions of L&E § 9-736 "'seem[] to provide nothing more than a power to reopen, and we do not see that it bears upon the right of appeal.'" *Id.* at 633 (quoting *Gold Dust*, *supra*, 159 Md. at 669). Critically, the Court noted:

> When, upon the filing of an application to reopen . . . the Commission enters a new order that differs in any material way from the earlier order, whether or not the end result is the same, it is obvious that the matter has been reconsidered and a new holding made. Conversely, if the Commission denies an application without discussing the merits or propriety of the earlier order, it is evident that the earlier order has not been reconsidered and no new holding has been made.

*Id.* Accordingly, the Court of Appeals has distinguished between Commission decisions which consider new evidence and address the merits of a request to reopen and those which summarily deny such a request. *See id.*

Critically, if the Commission considers the merits of the claimant's argument or relies on new evidence in the issuance of a new or amended order, that decision is reviewable. *Inst. of Mission Helpers v. Beasely*, 82 Md. App. 155, 162–63 (1990); *see also Cuccaro*, *supra*, 247 Md. at 264–65. The *Blevins* Court attempted to provide guidance to the Commission when considering a request to reopen by encouraging the Commission "to make clear whether it is denying the application or granting it and entering a new order." *Blevins*, 352 Md. at 635. Indeed, the Court noted that a trial court should look at

> whether evidence was taken on the application, whether, in entering its new order, the Commission discussed or made findings with respect to the correctness, validity, or propriety of the earlier order, and whether, in denying relief, the Commission either acted summarily, without assigning reasons, or focused only upon defects in the application itself.

10

*Id.* at 634.[6]

Sanders relies on *Suber v. Washington Metropolitan Area Transit Authority*, 73 Md. App. 715 (1988), to support her contention that a Commission's denial of a request to reopen under L&E § 9-736(b) is subject to judicial review under an abuse of discretion standard. In *Suber*, this Court, in a footnote, analogized L&E § 9-736 to Maryland Rule 2-535. *Suber*, *supra*, 73 Md. App. at 724 n.4. We noted that a decision by a trial court under Maryland Rule 2-535 is reviewable under an abuse of discretion standard and indicated that a decision under L&E § 9-736 is reviewable under the same standard. *Id.* (internal citations omitted). For the reasons set forth below, we find the reasoning of the Court of Appeals in *Blevins* persuasive.[7]

The footnote in *Suber* regarding the judicial review of the Commission's decision under L&E § 9-736 is obiter dicta. *Suber*, *supra*, 73 Md. App. at 724 n.4; *see Kulikov v. Baffoe-Harding*, 215 Md. App. 193, 204–205 (2013) (internal citations omitted). As such, this footnote is not precedent that we are bound to follow. *See Kulikov*, *supra*, 215 Md.

---

[6] The fact that the Commission holds a hearing does not, on its own, allow for judicial review of a refusal to reopen the claim. *See Gold Dust*, *supra*, 159 Md. at 670 ("The fact that additional testimony was produced before the [C]ommission at its hearing on the motion to reopen seems to the court not to render the decision any other than a decision against reopening.").

[7] Although we agree with Appellants, we disagree with their argument that Sanders was required to file a petition for judicial review from the original Order on June 25, 2015 for her later request to reopen to be valid. The Court of Appeals recently reaffirmed the principle that a claimant's failure to file a petition for judicial review within thirty days of the Commission's initial decision does not negate the Commission's continuing jurisdiction pursuant to L&E § 9-736(b). *Gang v. Montgomery Cnty.*, 464 Md. 270, 290–91 (2019) (citing *Stevenson v. Hill*, 170 Md. 676, 681–83 (1936)).

11

App. at 204–05.  Critically, *Suber* was decided eleven years prior to *Blevins*, which did not

adopt the reasoning in *Suber*.[8]

Further, the wealth of case law considering judicial review of a request for

modification, which analogized the reopening provision of L&E § 9-736 to a motion for a

new trial, was decided when a denial of a motion for a new trial was not reviewable.

*Blevins*, *supra*, 352 Md. at 632.  Since the case law interpreting Maryland Rule 2-533 has

evolved to allow a denial pursuant to this Rule to be reviewed under an abuse of discretion

standard, no court has analogized the reopening provision of the statute and Maryland Rule

2-533.[9]  Indeed, there is no evidence that the legislature intended that a Commission's

---

[8] Indeed, the analogy between L&E § 9-736 and Maryland Rule 2-535 further fails due to the noted differences in the application of the two methods of review.  A motion under Maryland Rule 2-535 has many limitations on its applicability.  Generally, such a motion can only be filed once within thirty days.  Md. Rule 2-535(a).  Moreover, the only grounds for granting a motion under this Rule after thirty days are fraud, mistake, irregularity, newly-discovered evidence, and clerical mistakes.  Md. Rule 2-535(b)–(d).  A motion to reopen under L&E § 9-736 is not subject to such limitations.  Accordingly, we are not persuaded by the Appellants' effort to analogize L&E § 9-736 and Maryland Rule 2-535.

[9] Previously, a motion for a new trial was not reviewable on appeal.  *See Myers v. State*, 137 Md. 482, 487 (1921) ("It is well settled that no appeal lies from the action of the court in overruling a motion for a new trial . . . for the reason that such a motion is addressed to the discretion of the court, and its exercise of that discretion is not reviewable on appeal.").  Critically, the Court of Appeals in *Wernsing v. General Motors Corp.*, 298 Md. 406 (1984) first recognized that discretionary rulings on motions under Maryland Rule 2-533 are subject to reversal pursuant to an abuse of discretion standard.  *See Wernsing*, *supra*, 298 Md. at 420; *see also Merritt v. State*, 367 Md. 17, 28 (2001) ("Commencing with this Court's opinion in *Wernsing* . . ., however, we have consistently taken the position that denials of motions for new trials are reviewable on appeal and that discretionary rulings on such motions are subject to reversal where there is an abuse of discretion.").

decision denying a request to reopen would be subject to judicial review when the Commission made no modification to the original order.

Further, the Court indicated the opposite intent and set out a test distinguishing between the two scenarios in which a denial of a request to reopen is reviewable and when it is not. *See Blevins*, *supra*, 352 Md. at 634–35. Notably, the reasoning in *Blevins* has since been cited with approval by this Court on the issue of judicial review of a refusal to reconsider a prior ruling. *Buskirk v. C.J. Langenfelder & Son, Inc.*, 136 Md. App. 261, 268 n.8 (2001) ("A mere refusal to reconsider a prior final ruling is ordinarily not appealable.").

Here, the Commission issued an Order on January 4, 2019, summarily denying Sanders' request to reopen her claim. The Commission did not hold a hearing to take any new evidence when considering Sanders' request and then issue a new order based on that evidence. *See Blevins*, *supra*, at 634. Notably, the focus in this case was on payment of Dr. Murthi's bills for his performance of the shoulder surgery, an issue that was previously decided by the Commission. At no time did Sanders assert a worsening condition related to her shoulder surgery. Further, the Commission did not make any findings in regard to Sanders' request or alter the original order in any way when issuing its new order. *See id.* Finally, the Commission acted summarily in denying Sanders' request. *Id.*

The actions of the Commission in this case differ significantly from circumstances suggested by prior case law where judicial review would be appropriate. For example, in *Blevins*, the Commission held a hearing and explicitly considered and addressed the employer's arguments set forth in their request to reopen. *Id.* Further, in *Labonte*, the Court of Appeals acknowledged that judicial review of a denial of a request to reopen was

13

allowed because the Commission conducted a hearing when considering the request and issued a new order reflecting its reasoning based on that hearing. *Elec. Gen. Corp. v. Labonte*, 454 Md. 113, 125 (2017). The Commission did not perform any of the actions in its denial on January 4, 2019 which would allow the order to be reviewable. *See Blevins*, *supra*, 352 Md. at 634.

The trial court in the instant case remanded the case to the Commission "for action on the claimant's January 3, 2019 filing presenting new evidence with the requirement that the record reflect the Commission's exercise of discretion regarding whatever decision is reached concerning the claim." This instruction negates the difference between the two types of denials of requests to reopen noted in *Blevins. See id.* at 633–34. By ordering the Commission to exercise discretion on the record, the trial court is essentially taking away the power of the Commission to summarily deny a request to reopen. If the Commission were to consider new evidence and the merits of the claimant's request, then subsequently issue a new or amended order, the order would be subject to judicial review. *Id.*

The Commission's "refusal to reopen was a decision . . . but it was only a decision not to interfere with a previous decision settling the merits of the claim." *Gold Dust*, *supra*, 159 Md. at 666. The Commission adhered to the guidance in *Blevins* and made clear it was denying the application, not granting it and entering a new order. *Blevins*, *supra*, 352 Md. at 635. Accordingly, we hold that the Commission's Order on January 4, 2019 refusing to reopen Sanders' claim is a decision by the Commission which is not subject to judicial review.

14

**JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR HARFORD COUNTY WITH INSTRUCTIONS TO GRANT RELIEF NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**