<u>Linda A. Sanders v. Board of Education of Harford County, et al.</u>, No. 20, September Term, 2021

**MARYLAND WORKERS' COMPENSATION ACT – DENIAL OF MOTION TO REOPEN OR MODIFY – MD. CODE ANN., LAB. & EMPL. (1991, 2016 REPL. VOL.) § 9-736(b) – JUDICIAL REVIEW –** Court of Appeals held that, where party requests that Workers' Compensation Commission reopen or modify claim under Md. Code Ann., Lab. & Empl. (1991, 2016 Repl. Vol.) § 9-736(b) and Commission summarily denies request without hearing and does not consider new evidence or merits of request to reopen/modify, or make findings with respect to merits of request to reopen/modify or of earlier order in new or amended order denying request, Commission's denial is not subject to judicial review. Court of Appeals determined that, in this case, Commission's denial of petitioner's request for modification was summary denial and, as such, not subject to judicial review. Accordingly, Court of Appeals concluded that trial court erred in denying respondents' motion to dismiss petition and cross-motion for summary judgment and in granting petitioner's motion for summary judgment and remanding case to Commission for action on second request for modification.

Circuit Court for Harford County
Case No. C-12-CV-19-000093
Argued: November 9, 2021

IN THE COURT OF APPEALS

OF MARYLAND

No. 20

September Term, 2021

_____

LINDA A. SANDERS

v.

BOARD OF EDUCATION OF HARFORD
COUNTY, ET AL.

_____

McDonald
Watts
Hotten
Booth
Biran
Harrell, Glenn T., Jr. (Senior
Judge, Specially Assigned)
Murphy, Joseph F., Jr. (Senior
Judge, Specially Assigned),

JJ.

_____

Opinion by Watts, J.

_____

Filed: December 17, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

The Maryland Workers' Compensation Act, Md. Code Ann., Lab. & Empl. (1991, 2016 Repl. Vol.) ("LE") §§ 9-101 to 9-1201, expressly provides the Workers' Compensation Commission ("the Commission") with continuing jurisdiction over workers' compensation claims in several provisions. One such provision—LE § 9-736(b)—authorizes the Commission to modify its findings or orders and provides as follows:

> (1) The Commission has continuing powers and jurisdiction over each claim under this title.
>
> (2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.
>
> (3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the latter of:
>
>> (i) the date of the accident;
>>
>> (ii) the date of disablement; or
>>
>> (iii) the last compensation payment.

In response to a motion or request to reopen or modify under LE § 9-736(b), the Commission may grant the request, hold a hearing at which evidence is considered and afterward issue a decision granting or denying the requested relief. On the other hand, the Commission may also deny a request to reopen or modify without reopening the case for the receipt of additional evidence or a hearing, and without considering the merits of the request or earlier order and making new findings. This is generally called a summary denial. In this case, we have been asked to consider whether the Commission's summary denial of a motion to reopen or modify under LE § 9-736(b) is subject to judicial review.

Linda A. Sanders, Petitioner, worked as a school bus driver for the Board of Education of Harford County, which is insured by the Maryland Association of Boards of Education (together, "Respondents"). Sanders filed a claim for workers' compensation benefits with the Commission due to an accident that occurred on the job. The Commission conducted an evidentiary hearing and issued an order that approved Sanders's request for four additional weeks of physical therapy for her left shoulder but denied her request for authorization for surgery on the left shoulder. Sanders did not seek judicial review of the Commission's decision or request a rehearing. Several months later, Sanders underwent surgery on her left shoulder, using her health insurance to pay the costs.

Over three years later, Sanders filed with the Commission a request for modification of the earlier order denying the request for authorization for surgery, seeking payment of her surgeon's bills. The Commission denied the request without a hearing and Sanders filed in the Circuit Court for Harford County a petition for judicial review. Respondents moved to dismiss the petition, and the circuit court granted the motion.

Less than three months after filing the initial request for modification, Sanders filed with the Commission a second request for modification of the Commission's initial order, again raising the issue of authorization for surgery and requesting identical relief, *i.e.*, payment of her surgeon's bills. As with the first request to reopen, the Commission denied the second request without a hearing. Sanders filed in the circuit court a petition for judicial review. Respondents filed a motion to dismiss the petition. After conducting a hearing on the motion to dismiss, the circuit court denied the motion. The parties filed cross-motions for summary judgment. The circuit court issued a memorandum opinion and an amended

memorandum opinion denying Respondents' motion for summary judgment, granting Sanders's motion, and remanding the case to the Commission for action on Sanders's second request for modification.

Respondents appealed and the Court of Special Appeals reversed the circuit court's judgment. See Bd. of Educ. of Harford Cty. v. Sanders, 250 Md. App. 85, __, 248 A.3d 1108, 1117 (2021). The Court of Special Appeals held that the circuit court erred in denying Respondents' motion to dismiss because the Commission has broad discretion to summarily deny a request to reopen under LE § 9-736(b) "and such a denial is not subject to judicial review." Id. at __, 248 A.3d at 1113 (bolding omitted). We granted *certiorari* to consider whether the Commission's summary denial of a request to reopen or modify pursuant to LE § 9-736(b) is subject to judicial review. See Sanders v. Bd. of Educ. of Harford Cty., 475 Md. 2, 256 A.3d 270 (2021).

We must decide whether the Commission's summary denial of Sanders's second request for modification under LE § 9-736(b) was subject to judicial review. We hold that it was not and that, where a party requests that the Commission reopen or modify a claim and the Commission summarily denies the request without a hearing and does not consider new evidence or the merits of the request to reopen, or make findings with respect to the merits of the request or of the earlier order in the issuance of a new or amended order, the Commission's denial is not subject to judicial review. In this case, the Commission issued an initial order in which it, among other things, denied Sanders's request for authorization for shoulder surgery. Sanders did not file a petition for judicial review or request a rehearing. Several months later, although the Commission did not authorize shoulder

surgery, Sanders underwent shoulder surgery and paid for it using her health insurance. Over three years later, Sanders filed a request for modification of the Commission's order, which was denied. Sanders filed a second request for modification of the Commission's order, raising the same issue as in the first request—authorization for shoulder surgery and requesting payment of her surgeon's bills. The Commission denied the second request for modification without a hearing, stating only that the request was denied. In the order denying the second request for modification, the Commission did not address the merits or discuss the propriety of the request or of the initial order.

The Commission summarily denied the second request for modification, and in accord with the longstanding principles set forth in our case law, we conclude that Sanders did not have the right to seek judicial review of the summary denial. As such, the circuit court erred in denying Respondents' motion to dismiss the petition for judicial review and cross-motion for summary judgment and in granting Sanders's motion for summary judgment and remanding the case to the Commission for action on the second request for modification.

## BACKGROUND

### Proceedings Before the Commission and in the Circuit Court

On November 17, 2014, Sanders filed a claim for workers' compensation benefits with the Commission, alleging that she sustained injuries to her head, neck, spine, and arm on October 7, 2014, while working as a school bus driver for children with special needs. Sanders described the accident as follows:

16 yr. old f. student twisted my hair thru her fingers, wrapped around her

hands made fist,[ ]knuckles dug into my head as she rolled her fist and yanked my head around by my hair[]. While bent over at ?, head bent over hooking students wheelchair to bus floor belt. Took 2 people to get her hair [sic] out of my hair.

(Some capitalization omitted). Sanders later filed a corrected claim, alleging that she had sustained injuries to her head, neck, spine, arm, and left shoulder.

On June 15, 2015, the Commission conducted an evidentiary hearing, at which the parties presented testimony and other evidence. At the hearing, Sanders's testimony about the accident was consistent with the description of the incident provided in her claim.

At the hearing, among other things, Sanders's counsel sought approval for exploratory surgery to Sanders's left shoulder. Respondents' counsel argued that it appeared that Sanders had already discussed surgery with physicians, that surgery had been recommended against, and that Sanders had acknowledged that she understood she was not a candidate for shoulder arthroplasty. Respondents' counsel pointed out that there was "no recommendation for a surgical consult by any doctor."

After the hearing, the Commission issued an order dated June 25, 2015 in which it found that, as a result of the injury on October 7, 2014, Sanders was paid temporary total disability benefits from October 8, 2014 to December 18, 2014, and that the average weekly wage was $748.61. In the order, the Commission denied Sanders's claim for additional temporary total disability benefits from March 4, 2015 to March 19, 2015 and from March 26, 2015 "to the present and continuing[.]" The Commission approved Sanders's request for authorization for four additional weeks of physical therapy for her left shoulder. In the order, however, the Commission denied Sanders's requests for authorization for surgery to

the left shoulder, a referral to a spine specialist, and an EMG/NCS.[1]  Sanders did not seek

judicial review of the Commission's decision.

On September 30, 2015, Sanders underwent surgery on her left shoulder performed

by Dr. Anand Murthi, using her health insurance to pay the costs.

Over three years later, on October 15, 2018, Sanders filed with the Commission a

"Request for Modification," seeking modification of the Commission's June 25, 2015

order.  (Bolding and some capitalization omitted).  In the request, Sanders raised an

"Issue[]" for "[a]uthorization for medical treatment[,]" seeking payment of Dr. Murthi's

bills.  (Bolding and some capitalization omitted).  Sanders attached to the request an

"Operative/Procedure Note" of Dr. Murthi pertaining to the September 30, 2015 surgery

and a letter dated August 28, 2018, in which Dr. Murthi, among other things, opined to a

reasonable degree of medical certainty that Sanders required shoulder surgery.  (Bolding

and some capitalization omitted).

On October 16, 2018, the Commission denied Sanders's request for modification

without a hearing.  On November 20, 2018, Sanders filed in the circuit court a petition for

---

[1]"EMG" is an abbreviation for an electromyogram or electromyograph, see *EMG*, Merriam-Webster (2021), available at https://www.merriam-webster.com/dictionary/EMG [https://perma.cc/WYM4-DU72], which involves use of "an instrument that converts the electrical activity associated with functioning skeletal muscle into a visual record or into sound and is used to diagnose neuromuscular disorders and in biofeedback training[,]" Electromyograph, Merriam-Webster (2021), available at https://www.merriam-webster. com/dictionary/electromyograph [https://perma.cc/R44W-RPT3].  "NCS" is an acronym for "nerve conduction studies."

judicial review.[2]  Respondents filed a motion to dismiss the petition.[3]  On January 7, 2019, the circuit court issued an order granting the motion to dismiss without explanation.

On January 3, 2019, Sanders filed with the Commission a second request for modification of the Commission's June 25, 2015 order.  Sanders raised the same Issue of authorization for medical treatment as before, requesting identical relief—*i.e.*, payment of Dr. Murthi's bills.  As justification for the request, Sanders asserted:

> Claimant seeks modification of this Commission's Order of June 25, 2015 which sought authorization for left shoulder surgery.  At the time, Claimant's prior counsel had not submitted any opinion evidence regarding the causal relationship of the left shoulder surgery to the accident.  Current counsel for Claimant previously submitted a Request for Modification in October 2018 with a report from Dr. Murthi which was denied on October 16, 2018.  Since then Claimant has deposed Dr. Murthi also.

In an attachment, Sanders's counsel contended that Dr. Murthi's deposition testimony demonstrated that Sanders's condition and prior left shoulder surgery were caused by aggravation of an asymptomatic preexisting condition due to the work-related accident.  Sanders's counsel stated that the "newly discovered evidence was not available" in June 2015, at the time of the hearing before the Commission, or in October 2018, when the first request for modification was filed.  Sanders attached the transcript of a deposition of Dr. Murthi taken on October 19, 2018 related to a disability retirement claim she brought.  At the deposition, Dr. Murthi testified that he believed that Sanders required shoulder replacement surgery.

---

[2]See In the Matter of Lisa Sanders, No. C-12-CV-18-000934 (Cir. Ct. Harford Cty.).
[3]In the motion to dismiss filed in that case, Respondents contended that the appeal was untimely and that Sanders had "no right of appeal from a decision of the Commission in refusing [an] application to reopen a case."

- 7 -

On January 4, 2019, the Commission denied Sanders's second request for modification without a hearing. The order issued by the Commission was titled "Request for Modification Denied" and stated: "The Commission will deny the Claimant's Request for Modification. It is, therefore, this 4th day of January, 2019, by the [] Commission ORDERED that the Request for Modification filed in the above-entitled claim by the Claimant, be and the same, is hereby denied." (Bolding, paragraph break, and some capitalization omitted).

On January 31, 2019, Sanders filed in the circuit court a petition for judicial review.[4] Respondents filed a motion to dismiss the petition, arguing that Sanders did not have a right to judicial review of the Commission's decision denying her request to reopen her claim. Sanders filed an opposition to the motion. On September 30, 2019, the circuit court held a hearing on the motion to dismiss. At the conclusion of the hearing, the circuit court held the matter *sub curia* and gave the parties the opportunity to submit additional written argument. On October 21, 2019, the circuit court issued a memorandum opinion denying the motion to dismiss, followed by an order on October 30, 2019, denying the motion.[5]

---

[4]Sanders attached to the petition for judicial review orders of the Commission, including the June 25, 2015 order, the October 16, 2018 order, and the January 4, 2019 order. In addition, Sanders included an order of the Commission dated January 22, 2019. The January 22, 2019 order indicates, among other things, that, after a hearing, the Commission denied the request for payment of medical expenses of Dr. Murthi. This order was apparently issued after the January 4, 2019 order denying Sanders's second request for modification. In the petition for judicial review, Sanders sought review only of the January 4, 2019 order.

[5]On November 7, 2019, Respondents filed a motion to alter or amend the judgment.

On January 10, 2020, Sanders filed a motion for summary judgment. On January 15, 2020, Respondents filed a response in opposition to the motion for summary judgment and, in the alternative, a cross-motion for summary judgment. On January 31, 2020, the circuit court issued a memorandum opinion granting Sanders's motion for summary judgment and denying Respondents' cross-motion. In the memorandum opinion, the circuit court remanded the case "to the Commission for action on the claimant's September 13, 2018 filing presenting new evidence with the requirement that the record reflect the Commission's exercise of discretion regarding whatever decision is reached concerning the claim."

On March 10, 2020, the circuit court issued an amended memorandum opinion correcting a clerical error to reflect that Sanders filed the second request for modification with the Commission on January 3, 2019 rather than September 13, 2018, again remanding the case to the Commission for the same action, and issued an order to that effect. Thereafter, Respondents noted an appeal.

**Opinion of the Court of Special Appeals**

On March 31, 2021, the Court of Special Appeals reversed the circuit court's judgment. See Sanders, 250 Md. App. at 101, 248 A.3d at 1117. The Court of Special Appeals held that the circuit court erred in denying Respondents' "motion to dismiss because the Commission has broad discretion to summarily deny a request to reopen and

In a memorandum opinion issued on November 25, 2019, the circuit court denied the motion to alter or amend, declining to disturb its earlier ruling denying Respondents' motion to dismiss.

such a denial is not subject to judicial review." Id. at 94, 248 A.3d at 1113 (bolding omitted). The Court of Special Appeals determined that, pursuant to LE § 9-736(b), "the Commission has the authority to decide whether to reopen or modify a case upon a request by the claimant[,]" and that, in Sanders's case, "the Commission exercised its broad discretion in refusing to reopen or modify Sanders'[s] claim." Id. at 96, 248 A.3d at 1114.

The Court of Special Appeals stated that "Maryland courts have consistently held that the Commission's decision to deny a request to reopen and modify a claim is not a reviewable decision." Id. at 96, 248 A.3d at 1114 (citation omitted). The Court of Special Appeals explained, though, that, "if the Commission considers the merits of the claimant's argument or relies on new evidence in the issuance of a new or amended order, that decision is reviewable." Id. at 97, 248 A.3d at 1115 (citations omitted). The Court of Special Appeals concluded that the Commission's January 4, 2019 order denying Sanders's request for modification was clearly a summary denial of the request and, as such, not subject to judicial review. See id. at 96, 248 A.3d at 1114.

The Court of Special Appeals observed that the Commission did not hold a hearing to take new evidence when considering the request and issue a new order based on new evidence. See id. at 100, 248 A.3d at 1116. The Court of Special Appeals stated that the focus of the request to reopen was payment of Dr. Murthi's bills for Sanders's shoulder surgery, an issue that had previously been decided by the Commission. See id. at 100, 248 A.3d at 1116. The Court of Special Appeals pointed out that Sanders never asserted a worsening condition related to the shoulder surgery and that the Commission did not make findings concerning Sanders's request or alter the original June 25, 2015 order in denying

- 10 -

the request.  See id. at 100, 248 A.3d at 1116.  The Court of Special Appeals concluded that the circuit court's order remanding the case to the Commission to exercise discretion on the record "essentially tak[es] away the power of the Commission to summarily deny a request to reopen[,]" but "[i]f the Commission were to consider new evidence and the merits of the claimant's request, then subsequently issue a new or amended order, the order would be subject to judicial review."  Id. at 101, 248 A.3d at 1117 (citation omitted).

## Petition for a Writ of *Certiorari*

On May 12, 2021, Sanders petitioned for a writ of *certiorari*, raising the following issue: "Whether a denial of a Request to Reopen/Modify filed with the Workers' Compensation Commission pursuant to [LE] § 9-736(b) is subject to judicial review?"  On July 9, 2021, this Court granted the petition.  See Sanders, 475 Md. 2, 256 A.3d 270.

## DISCUSSION

## The Parties' Contentions

Sanders contends that a party aggrieved by the Commission's refusal to reopen or modify a prior workers' compensation order should have the right to judicial review of the decision.  According to Sanders, if the denial of a request to reopen or modify under LE § 9-736(b) is not subject to judicial review, the Commission would be able to act arbitrarily or capriciously and possibly reach decisions without reviewing documentation in support of such a request, thereby depriving the party requesting such relief due process.  Sanders maintains that the right to seek judicial review should be treated the same under both LE § 9-736(a) and (b).

Respondents counter that that Maryland appellate courts have consistently held that

there is no right to judicial review from the denial of a request to reopen a prior order under LE § 9-736(b). Respondents contend that LE § 9-736(a) and (b) provide distinct bases for the Commission's continuing jurisdiction and provide for different rights and remedies. Respondents assert that, in this case, the Commission unambiguously denied Sanders's request for modification, with no testimony being taken and no new finding or determination being made, and, as such, there is no right to judicial review of the Commission's decision. Respondents maintain that the absence of judicial review of the Commission's decision not to reopen its prior order does not deny Sanders due process because she had the right to seek judicial review of the prior order and failed to do so.

**Standard of Review**

"In an action for judicial review, this Court reviews the administrative agency's decision, not the decision of the circuit court or the Court of Special Appeals." Elec. Gen. Corp. v. LaBonte, 454 Md. 113, 131, 164 A.3d 157, 168 (2017) (citation omitted). The Commission's decision "is presumed to be prima facie correct," but that "presumption does not extend to questions of law, which this Court reviews independently." Id. at 131, 164 A.3d at 168 (cleaned up). We give "some deference to the Commission's interpretation of the Workers' Compensation Act unless its conclusions are based upon an erroneous conclusion of law." Id. at 131, 164 A.3d at 168 (cleaned up).

Maryland Rule 7-204(b) provides that a person may file with a response to a petition for judicial review "a preliminary motion addressed to standing, venue, timeliness of filing, or any other matter that would defeat a petitioner's right to judicial review." In reviewing a motion to dismiss generally, dismissal is "proper if the alleged facts and permissible

inferences, viewed" "in a light most favorable to the non-moving party . . . would, if proven, nonetheless fail to afford relief to the plaintiff." Sprenger v. Pub. Serv. Comm'n of Md., 400 Md. 1, 21, 926 A.2d 238, 249-50 (2007) (cleaned up). With respect to a motion for summary judgment, we review a trial court's grant of summary judgment to determine whether the court was legally correct. See RDC Melanie Drive, LLC v. Eppard, 474 Md. 547, ___, 255 A.3d 119, 130 (2021). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and [] the party in whose favor judgment is entered is entitled to judgment as a matter of law." Md. R. 2-501(f).

## Statutory Provisions

LE § 9-736(a) concerns the Commission's power to readjust the rate of compensation and provides:

> If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own motion, may:
>
> > (1) readjust for future application the rate of compensation; or
> >
> > (2) if appropriate, terminate the payments.

LE § 9-736(b)—the provision at issue in this case—provides for continuing jurisdiction and authorizes the Commission to modify its findings as follows:

> (1) The Commission has continuing powers and jurisdiction over each claim under this title.
>
> (2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.
>
> (3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years

- 13 -

after the latter of:

(i) the date of the accident;

(ii) the date of disablement; or

(iii) the last compensation payment.[6]

LE § 9-737 provides generally for judicial review of a decision by the Commission, stating, in pertinent part:

An employer, covered employee, dependent of a covered employee, or any other interested person aggrieved by a decision of the Commission, including the Subsequent Injury Fund and the Uninsured Employers' Fund, may appeal from the decision of the Commission provided the appeal is filed within 30 days after the date of the mailing of the Commission's order by:

(1) filing a petition for judicial review in accordance with Title 7 of the Maryland Rules[.]

In addition, pursuant to LE § 9-726(a), "[w]ithin 15 days after the date of a decision by the Commission, a party may file with the Commission a written motion for a rehearing." Under LE § 9-726(d), the Commission must promptly rule on a motion for rehearing, even

---

[6]LE § 9-736(c) provides:

(1) If it is established that a party failed to file an application for modification of an award because of fraud or facts and circumstances amounting to an estoppel, the party shall apply for modification of an award within 1 year after:

(i) the date of discovery of the fraud; or

(ii) the date when the facts and circumstances amounting to an estoppel ceased to operate.

(2) Failure to file an application for modification in accordance with paragraph (1) of this subsection bars modification under this title.

if an appeal by another party is pending, and the Commission may decide the motion without granting a hearing on the motion and may grant the motion "only on grounds of error of law or newly discovered evidence."

**Relevant Case Law**

It is a longstanding principle that there is a right to appeal, *i.e.*, seek judicial review of, decisions by the Commission under LE § 9-736(a). This has not been the case with respect to decisions by the Commission under LE § 9-736(b). The existence of the right to seek judicial review under LE § 9-736(a) and the question of whether there is a right to appeal or seek judicial review of decisions of the Commission under LE § 9-736(b) has been discussed in our case law for nearly a century.

Almost a hundred years ago, in Bethlehem Shipbuilding Corp. v. Simmons, 143 Md. 506, 507-09, 122 A. 678, 678-79 (1923), we held that there was a right of appeal from the State Industrial Accident Commission's decision refusing to reopen a case to consider a claim under a predecessor of LE § 9-736(a) for readjustment of the rate of compensation because of an increase of disability that subsequently results from the accidental injury forming the basis of the original compensation award.[7] See Stevenson v. Hill, 170 Md. 676, 682, 185 A. 551, 554 (1936). In so holding, we stated:

> [I]f the [] contention that the Commission's order in refusing to reopen a case
> is a discretionary act, not subject to appeal, were a true exposition of the law,

[7]The "Commission was formerly known as the State Industrial Accident Commission. Chapter 584 of the Maryland Laws of 1957 changed the name to the Workmen's Compensation Commission, which then became the Workers' Compensation Commission in 1991." Gang v. Montgomery Cty., 464 Md. 270, 283 n.11, 211 A.3d 355, 363 n.11 (2019) (citation omitted). For ease of reading, we refer to the various iterations of the Commission simply as "the Commission" when discussing prior cases.

- 15 -

it would be possible for the Commission arbitrarily to refuse to reopen a case, thus effectually precluding an employee from ever securing an inquiry into the impaired state of his health, which may be visited upon him in the future as a direct result of the accident.

Bethlehem Shipbuilding, 143 Md. at 509, 122 A. at 679.[8]

Seven years later, however, in Gold Dust Corp. v. Zabawa, 159 Md. 664, 665, 668-69, 152 A. 500, 501-02 (1930), we addressed whether the Commission's denial of an application to reopen pursuant to Md. Code, Art. 101, § 54, a predecessor of LE § 9-736(b), was appealable and we held that it was not, even though the Commission had conducted a hearing at which it took testimony. In Gold Dust, id. at 665, 152 A. at 501, a claimant sought compensation and the Commission disallowed the claim after the claimant failed to appear at a hearing. The claimant filed a petition to reopen the case, explaining the failure to appear, and after a reopening and rehearing, the Commission rescinded the earlier order and issued a new order, disallowing the claim on the ground that the claimant did not sustain an accidental injury arising in and out of the course of employment. See id. at 665, 152 A. at 501. The claimant did not appeal the Commission's decision. See id. at 665, 152 A. at 501. The claimant filed a petition for renewal of the hearing and a hearing was held on the petition, with testimony taken from four witnesses, and the Commission issued an order denying the request to reopen the case. See id. at 666, 152 A. at 501. The claimant

---

[8]In Bethlehem Shipbuilding, 143 Md. at 507-08, 122 A. at 678-79, we stated that the Commission denied the claimant's motion to reopen under the power conferred to it by what is now LE § 9-736(a). After quoting a predecessor of LE § 9-736(a), we noted that a predecessor of LE § 9-736(b) "provided that the powers and jurisdiction of the Commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified." Id. at 509, 122 A. at 679.

appealed and the employer and insurer filed a motion to dismiss the appeal, which the trial court denied. See id. at 666, 152 A. at 501. A jury ultimately found that the Commission was not justified in refusing to reopen the case and the Commission's decision was reversed. See id. at 666, 152 A. at 501. The employer and insurer appealed. See id. at 666, 152 A. at 501.

This Court held that the appeal should have been dismissed by the trial court and in so holding, recognized that the refusal to reopen was a decision of the Commission, but stated that "it was only a decision not to interfere with a previous decision settling the merits of the claim." Id. at 666, 152 A. at 501. We observed that it was "regularly considered that a decision declining to interfere with a previous decision is not one intended to be included under a general statutory allowance of appeal from any decision." Id. at 666, 152 A. at 501. We analogized a request to reopen a decision of the Commission to a request to reopen "any final order in equity in the nature of a final decree" and stated that the prevailing view was "that from a final order merely refusing to reopen a previous order or decree no appeal is permitted." Id. at 667, 152 A. at 501 (citations omitted). Quoting Lefever v. Lefever, 6 Md. 472, 478 (1854), we reiterated our concern that, if parties could reopen final orders on appeal in this indirect way, "it would virtually amount to a repeal of the laws limiting the time within which appeals should be taken, and would lead to interminable litigation." Gold Dust, 159 Md. at 667, 152 A. at 502.

We discussed our holding in Bethlehem Shipbuilding—that the right of appeal from the Commission's refusal to reopen a case in the exercise of its power under Md. Code, Art. 101, § 43 (a predecessor of LE § 9-736(a)) exists—and explained: "The decision of

the court in that case was only that a refusal to reopen a claim to consider new conditions, arising from aggravation, diminution or termination of injury, was appealable[.]" Gold Dust, 159 Md. at 667-68, 152 A. at 502. Because we were "not concerned with any such new conditions" in Gold Dust, Bethlehem Shipbuilding was not dispositive. Gold Dust, 159 Md. at 668, 152 A. at 502. We explained that in Bethlehem Shipbuilding, we

> did not hold that refusal of an application for reopening merely on the question previously decided would be a subject of appeal. If the court had meant to hold that, then it would, without any ground for differentiating them, have been excepting decisions and appeals under this act from the principle generally applied to appeals under such broad statutory provisions for appeal from "any decisions," and it would have been holding that the provision limiting the time for appeals to thirty days after the decision of the commission, positive and mandatory, though it is, might always be in effect nullified by the easy expedient of securing at any time a decision not to reopen the previous decision which it is desired to overturn. As there is no limitation upon the number or times of applications for reopening, it would follow that, if an appeal may be allowed from refusal to reopen even when there is no change in the injury, there would be no ground for stopping short of allowing all cases past and future to be carried to the trial courts for review at any time.

Gold Dust, 159 Md. at 668, 152 A. at 502.

With respect to Md. Code, Art. 101, § 54 (a predecessor of LE § 9-736(b)), we concluded that the provision

> for continuing jurisdiction in the commission in all cases, and power to make from time to time such modification or change with respect thereto as in its opinion may be justified, seems to provide nothing more than a power to reopen, and we do not see that it bears upon the right of appeal.

Id. at 668-69, 152 A. at 502. In our view, at that time, the circumstance that additional testimony was taken before the Commission at the hearing on the motion to reopen was of no consequence and did not "render the decision any other than a decision against

- 18 -

reopening[,]" which was "analogous to a refusal to grant a new trial upon newly discovered evidence." Id. at 669, 152 A. at 502. Accordingly, we concluded that the appeal from the Commission's decision should have been dismissed in the trial court and we reversed the trial court's judgment. See id. at 669, 152 A. at 502.

Six years later, in 1936, in Stevenson, 170 Md. at 683-84, 185 A. at 554-55, we considered the scope of the Commission's ability to modify orders under Md. Code, Art. 101, § 54 and the appealability of the Commission's decisions concerning modification and reopening. In Stevenson, id. at 677-78, 185 A. at 552, the surviving spouse of a deceased employee filed a claim seeking benefits under the Act as a result of the employee's accidental work-related death. The Commission awarded the surviving spouse compensation, but she later petitioned for a rehearing, arguing that the rate of compensation awarded to her should have been greater because the employee's earnings were greater than those considered in her claim. See id. at 678, 185 A. at 552. The employer moved to dismiss the petition to reopen, contending that the Commission had correctly calculated the employee's average weekly wage and arguing that the surviving spouse was precluded from seeking modification because she had failed to timely appeal. See id. at 678-79, 185 A. at 552. The Commission denied the motion to dismiss, received evidence, and concluded that, although the employee's average weekly wage was as the surviving spouse contended, the circumstance was not a sufficient basis to support an increase in the rate of compensation originally awarded. See id. at 679, 185 A. at 552.

Both parties sought judicial review. See id. at 679, 185 A. at 553. The employer filed a motion to dismiss on the same ground it raised before the Commission, and the

circuit court granted the motion. See id. at 679-80, 185 A. at 553. In this Court, the surviving spouse argued that the Commission had the authority to reopen the claim, whereas the employer contended that the Commission was not authorized to reopen the claim because Md. Code, Art. 101, § 43 (a predecessor of LE § 9-736(a)) limited the power of modification set forth in Md. Code, Art. 101, § 54 (a predecessor of LE § 9-736(b)) to changes in disability conditions occurring after compensation has been awarded. See id. at 680-81, 185 A. at 553. We discussed Gold Dust and Bethlehem Shipbuilding, explaining that whether there is a right to appeal under the two sections of Art. 101 is different, and stated:

> When there has been an aggravation, diminution, or termination of the injury for which compensation has been awarded, a new condition has arisen which "any party in interest" is entitled to have the commission consider to the end that the allowance may be readjusted "for future application." A refusal to reopen the case for such a purpose is appealable because it is the denial of a right to a hearing by the commission upon a question not previously presented and decided. With respect to a question which the commission has once determined, none of the parties has a right to require that the case be reopened or to appeal from a refusal to comply with such a demand. But when the commission grants a request that a case be reopened, the question as to its power so to act is not governed by the same considerations as those which prevent an appeal from its refusal to order a rehearing upon an issue already determined. A successful application to the commission itself for a reconsideration of its action may be sustainable even though a right of appeal to a court from its refusal to grant the application could not be recognized. There may be adequate reasons why the commission would desire to reconsider a case upon request of a party in interest or on its own motion. The absolute denial of that authority might in some instances interfere with a completely just exercise of the commission's important functions. Such a restriction could hardly be reconciled with the broad terms of section 54 providing that the powers and jurisdiction of the commission shall be continuing, and that it may from time to time make such modifications with respect to its former findings or orders as may be justifiable in its opinion. That section was regarded in the [Gold Dust] Case as conferring upon the commission "a power to reopen," although its refusal

- 20 -

to exercise the power was not subject to appellate review. If in that case no such authority had been found to exist, the decision would doubtless have been based simply and solely on that ground, and a discussion of the general rule against appeals from the refusal to grant rehearings would have been unnecessary.

Stevenson, 170 Md. at 681-84, 185 A. at 553-54.

We concluded that the Commission had the power to reopen and modify its previous order, and in so concluding, we distinguished the scope of the Commission's power under Md. Code, Art. 101, § 43 from its power under Md. Code, Art. 101, § 54, explaining:

> If the power to reopen cases was intended to be confined to those in which the disability had become aggravated, diminished, or terminated, the limitation of time as to the exercise of the power could readily have been included in section 43, and the enactment of section 54 would have been superfluous. In our opinion section 54 was intended to have a broader effect than section 43 in the scope of the authority granted to the commission to reopen cases under circumstances justifying such action. Therefore, we are unable to agree with the view that the reopening and modifying order of the commission in the present case was beyond its legitimate power.

Id. at 684, 185 A. at 555. As we recently stated in Gang v. Montgomery Cty., 464 Md. 270, 285, 211 A.3d 355, 364 (2019), in Stevenson, "[w]e held that the two statutory provisions were wholly independent of one another and that Section 54 was not restricted by the language of Section 43, as both sections embodied separate considerations[.]"

Three decades after Stevenson, in Robin Express Inc. v. Cuccaro, 247 Md. 262, 263-64, 230 A.2d 671, 671-72 (1967), we again held that the Commission's decision to deny a request to reopen and modify a claim is not reviewable. The Commission issued an order granting an employee additional temporary total and permanent partial disability benefits. See id. at 263, 230 A.2d at 671. The employer filed a motion for rehearing pursuant to Md. Code, Art. 101, § 40(c) (a predecessor of LE § 9-736(b)), and the Commission issued an

order denying the motion for rehearing and affirming its previous order.  See id. at 263, 230 A.2d at 671.  The employer sought review in the circuit court, which dismissed the employer's appeal, ruling that, although the Commission has broad power to reopen a claim, "the right of appeal from a refusal to reopen is limited to situations involving aggravation, diminution, or termination of an injury (under s 40(b)).  This type of situation is not involved in the case at bar (which arises under s 40(c))[.]"  Id. at 263-64, 230 A.2d at 671-72 (alterations in original).

We held that the circuit court was correct.  See id. at 264, 230 A.2d at 672.  In so holding, we discussed our holding in Charles Freeland and Sons, Inc. v. Couplin, 211 Md. 160, 163-64, 126 A.2d 606, 608 (1956), in which the Commission reopened a matter under what would later be Md. Code, Art. 101, § 40(c) and "affirmed its previous order which had not been effectively appealed from[.]"  The circuit court permitted an appeal and a jury found in favor of the employee.  Robin Express, 247 Md. at 264, 230 A.2d at 672.  In Charles Freeland and Sons, 211 Md. at 172, 165, 126 A.2d at 613, 609, we affirmed the circuit court's judgment and distinguished Gold Dust.  See Robin Express, 247 Md. at 264, 230 A.2d at 672.  Based on Charles Freeland and Sons and Gold Dust, we set forth the following principle: "If a court or administrative body reopens a case its second decision, be it the same or different from its previous decision, is a new holding; if it refuses to reopen, it decides only not to interfere with its previous decision which stands unimpeached as of its original date."  Robin Express, 247 Md. at 265, 230 A.2d at 672.

In 1999, this Court discussed a test for differentiating between situations in which a denial of a request to reopen or modify under LE § 9-736(b) is subject to judicial review

and when denial of such a request is not. In <u>Blevins v. Balt. Cty., Md.</u>, 352 Md. 620, 622-23, 724 A.2d 22, 22 (1999), we consolidated for argument and decision two cases—<u>Blevins v. Balt. Cty., Md.</u> and <u>Wills v. Balt. Cty., Md.</u>—involving the applicability of an offset provision codified at LE § 9-610(a). The <u>Wills</u> case also involved a procedural issue not presented in the <u>Blevins</u> case, namely, whether a decision by the Commission constituted a mere refusal to reopen or reconsider a case or whether the Commission had issued a new and therefore appealable order. See <u>id.</u> at 623, 633-35, 724 A.2d at 23, 29. In the <u>Wills</u> case, the claimant sustained a work-related injury, retired, began receiving retirement benefits, and thereafter filed a claim for workers' compensation benefits. See <u>id.</u> at 627-28, 724 A.2d at 25. The Commission held a hearing on issues raised by the employer concerning the nature, extent, and cause of the claimant's injury. See <u>id.</u> at 628, 724 A.2d at 25. The employer did not raise an issue as to whether the workers' compensation benefits that the claimant sought were subject to an offset by the retirement benefits. See <u>id.</u> at 628, 724 A.2d at 25. The Commission issued an order addressing the issues raised by the employer, concluding that the claimant had a permanent total disability, 75% of which was attributable to the accidental injury she sustained on the job, and awarding the claimant temporary total disability benefits and permanent total disability benefits. See <u>id.</u> at 628, 724 A.2d at 26. The employer sought judicial review of the Commission's award but again did not raise an issue as to the offset. See <u>id.</u> at 628, 724 A.2d at 26. The circuit court affirmed the Commission's award. See <u>id.</u> at 628, 724 A.2d at 26.

Two months later, after concluding that ordinary retirement benefits qualified as an offset as a result of the 1991 recodification of Md. Code, Art. 101, § 33 as LE § 9-610, the

- 23 -

employer filed an issue with the Commission seeking, for the first time, to have the claimant's pension benefit offset against the workers' compensation award pursuant to the Commission's continuing jurisdiction under LE § 9-610(c)(2). See id. at 628-29, 724 A.2d at 26. The Commission denied relief, the employer petitioned for judicial review, and the circuit court reversed, ruling, in pertinent part, that, under LE § 9-610(c)(2), the employer could invoke the continuing jurisdiction of the Commission and seek an offset. See id. at 629, 724 A.2d at 26. On appeal, the Court of Special Appeals affirmed and, with respect to the procedural issue, rejected the claimant's contention that the Commission's decision declining to revise its order was not subject to judicial review and that the circuit court should have dismissed the employer's petition for judicial review. See id. at 630, 724 A.2d at 26-27. The Court of Special Appeals distinguished the circumstances from those in Robin Express and concluded that the Commission had, in actuality, exercised its continuing jurisdiction, reopened the order, considered the employer's argument, and denied the request for relief. See id. at 630, 724 A.2d at 27. The Court of Special Appeals determined that that decision was an appealable new holding. See id. at 630, 724 A.2d at 27.

On review, we examined the Court of Special Appeals's "analysis with respect to the [employer]'s right to judicial review under [LE] § 9-736[.]" Id. at 631, 724 A.2d at 27. We observed that the Maryland Workers' Compensation Act contained at least three "continuing jurisdiction" provisions, including LE §§ 9-610(c)(2) and 9-736, and that those sections must be read in conjunction with LE § 9-737, "which provides for judicial review of Commission decisions and requires that a petition for such review be filed within 30

- 24 -

days after the date of the Commission's order." Id. at 631, 724 A.2d at 27 (footnote omitted). We stated that we had previously considered on several occasions the issue of whether a Commission's decision "not to revise an earlier award or ruling is subject to judicial review[,]" as early as in Gold Dust. Blevins, 352 Md. at 632-33, 724 A.2d at 27-28. We stated that, in "subsequent cases, we drew a distinction between the Commission simply declining to reopen a final ruling" "and the Commission effectively granting a motion to reopen, reconsidering an earlier ruling, and entering a new ruling, whether the effect of the new ruling is the same as or different from the earlier ruling." Id. at 633, 724 A.2d at 28.

We set forth the following principles concerning whether a decision of the Commission is subject to judicial review:

> When, upon the filing of an application to reopen or on its own initiative, the Commission enters a new order that differs in any material way from the earlier order, whether or not the end result is the same, it is obvious that the matter has been reconsidered and a new holding made. Conversely, if the Commission denies an application without discussing the merits or propriety of the earlier order, it is evident that the earlier order has not been reconsidered and no new holding has been made. The prospect of ambiguity arises when the Commission considers an application to reopen and, without making clear its intent, enters an order declining to revise the earlier order. The reviewing court then must attempt to determine from the record whether the Commission has, in effect, granted the application and affirmed its earlier ruling or has simply declined to reconsider that ruling. In trying to fathom the Commission's intent, the court should consider, among other things, whether evidence was taken on the application, whether, in entering its new order, the Commission discussed or made findings with respect to the correctness, validity, or propriety of the earlier order, and whether, in denying relief, the Commission either acted summarily, without assigning reasons, or focused only upon defects in the application itself.

Id. at 633-34, 724 A.2d at 28. In Wills, we concluded that "reasonable minds could differ"

as to the basis for the Commission's action on the application. Id. at 635, 724 A.2d at 29.

Because we granted *certiorari* to address the substantive issue of the offset provision, though, we declined to disturb the Court of Special Appeals's holding on the procedural issue, and stated:

> We do strongly urge the Commission, however, when considering applications to revise an earlier final decision, to make clear whether it is denying the application or granting it and entering a new order. That is not an onerous burden, and it will help remove the uncertainty with respect to the right of the applicant to seek judicial review under § 9-[7]37.[9]

Blevins, 352 Md. at 635, 724 A.2d at 29.

More recently, in LaBonte, 454 Md. at 143, 164 A.3d at 175, we recognized the broad scope of the Commission's authority to modify its previous awards and orders, stating that, "[u]nder LE § 9-736(b), the Commission is not bound to follow its previous awards and orders; to the contrary, the Commission has the express authority to modify the same." We determined that "LE § 9-736(b) unequivocally support[ed] our holding" in LaBonte "that, where the Commission has determined an employee's permanent partial disability and apportioned between an accidental personal injury and a subsequent intervening injury, if the employee's condition worsens, the Commission is not precluded from awarding workers' compensation benefits due to the accidental personal injury." Id. at 143, 164 A.3d at 175. In LaBonte, id. at 119, 164 A.3d at 161, the claimant, who suffered an accidental personal injury to his back while working as an electrician, filed with the

---

[9]Although in Blevins, 352 Md. at 635, 724 A.2d at 29, we referred to judicial review under LE § 9-637 (Payment of Compensation), it appears that this is a typographical error and that we meant to refer to LE § 9-737 (Judicial Review – Authorized).

Commission a claim seeking temporary total disability benefits and temporary partial disability benefits, both of which the Commission awarded. The claimant was subsequently injured outside of his workplace in an unrelated matter and filed with the Commission issues seeking additional temporary total disability benefits, which the Commission denied. See id. at 119, 164 A.3d at 161. The claimant filed with the Commission issues seeking permanent partial disability benefits, which the Commission awarded, finding that the claimant's disability was partly due to his work-related injury "and partly due to pre-existing and subsequent conditions." Id. at 119-20, 164 A.3d at 161 (cleaned up).

Years later, the claimant filed a petition to reopen, alleging that his back condition had worsened and seeking additional permanent partial disability benefits. See id. at 120, 164 A.3d at 161.[10] The Commission granted the petition to reopen, conducted a hearing, and issued an order denying the request for additional benefits, finding "that there had not been a worsening of [the claimant]'s back condition that was causally related to his" work-related injury because the Commission's prior order and compensation award had "established a subsequent intervening event that broke the causal nexus between" the work-

---

[10]In LaBonte, 454 Md. at 120 n.2, 164 A.3d at 161 n.2, we noted that, when a claimant seeks modification of an award, the general practice before the Commission "is to file a petition to reopen or for modification." (Cleaned up). We explained:

> When a petition to reopen to modify an award is based on a change in disability status, the petition must be filed within the five year period after the last compensation payment and allege a change in disability status, with a basis in fact, as opposed to merely alleging continuing medical treatment.

Id. at 120 n.2, 164 A.3d at 161 n.2 (cleaned up).

related injury and the claimant's existing back condition.  LaBonte, 454 Md. at 125, 164 A.3d at 164-65 (cleaned up).  The claimant filed a petition for judicial review and a jury found that the work-related injury was the cause of the worsening of the claimant's back condition.  See id. at 120, 164 A.3d at 162.  The Court of Special Appeals affirmed, as did we.  See id. at 120, 146, 164 A.3d at 162, 177.  We determined that nothing in the Commission's prior "orders precluded the Commission from determining at a later date how much, if any, a worsening of [the claimant]'s back condition was due to his" work-related injury.  Id. at 143, 164 A.3d at 175.  We explained that "LE § 9-656(a) empowered the Commission to make such a determination, and LE § 9-736(b)(2) authorized the Commission to modify its previous finding of the proportion of [the claimant]'s back condition that was due to his" work-related injury.  Id. at 143, 164 A.3d at 175.

In Gang, 464 Md. at 273, 293, 211 A.3d at 357, 369, we held that, pursuant to LE § 9-736(b), the Commission had "continuing jurisdiction to retroactively correct the rate of compensation in [the claimant]'s award for permanent partial disability based on an error of law for which there had been application prior to the expiration of the five-year period of limitations."  The claimant was injured while working as a correctional officer and the Commission awarded permanent partial disability benefits.  See id. at 272-73, 211 A.3d at 356-57.  Nearly four years later, the claimant filed a request for document correction with the Commission, seeking adjustment of the award and asserting that the rate of compensation had been incorrectly calculated because he qualified as a public safety employee and was therefore entitled to a greater rate of compensation.  See id. at 274-75, 211 A.3d at 358.  The Commission granted the request and issued an amended award,

retroactively increasing the rate of compensation. See id. at 275, 211 A.3d at 358. The employer filed a request for a rehearing with the Commission. See id. at 275, 211 A.3d at 358. The Commission held a hearing and affirmed its order increasing the rate of compensation. See id. at 275, 211 A.3d at 358. The employer filed a petition for judicial review and the circuit court affirmed the Commission's decision. See id. at 276, 211 A.3d at 359. The Court of Special Appeals reversed the circuit court's judgment and concluded that the Commission had limited authority to reopen a claim and modify an award and erred in retroactively modifying the compensation award. See id. at 276, 211 A.3d at 359.

We disagreed with the Court of Special Appeals and held "that the Commission had the authority to reopen [the claimant]'s award of permanent partial disability compensation and retroactively adjust his rate of compensation because his request for such, which was made within five years from the date of his last compensation, was based on a mistake or error." Id. at 278, 211 A.3d at 360. We stated that, in LaBonte and other cases, we had "recognized the wide breadth of the Commission's authority to modify its previous findings and orders." Gang, 464 Md. at 282, 211 A.3d at 362. We explained that Stevenson supported the conclusion that the Commission had "continuing jurisdiction to reopen [the claimant]'s case to correct an error of law as long as the application for the modification was filed within five years, as it was[,]" as well as the conclusion that the Commission has the authority "to correct its own errors of law within the time [] limitations of [LE §] 9-736(b)." Gang, 464 Md. at 285-86, 211 A.3d at 364-65.

In so holding, we rejected the employer's contention

that any reliance on *Stevenson*, or other cases which predate the codification

of Section 9-736(b), is misplaced because Section 9-736(b) is now in the same section as Section 9-736(a), so that subsection (a) specifically limits subsection (b) to the prospective application of a change in the rate of compensation in cases of aggravation, diminution, or termination of disability.

Gang, 464 Md. at 287, 211 A.3d at 365. We examined the legislative history of LE § 9-736(a) and (b). See id. at 287-89, 211 A.3d at 365-67. We concluded that LE § 9-736(a) does not limit LE § 9-736(b) to prospective modification and explained: "Certainly, the ability to modify under the Commission's continuing power and jurisdiction would be a nullity, indeed, were it to be limited to prospective relief when the only relief to be had is retrospective, as here, when the final payment already has been made." Id. at 290, 211 A.3d at 367. Significantly, in reviewing the legislative history of LE § 9-736(a) and (b), we noted:

> In 1939, Section 43 was moved to Section 55, and Section 54 was moved to Section 66, of Article 101. In its 1939 iteration, Section 66 of Article 101 was accompanied by an annotation which read:
>
> > The powers conferred on the Commission to make modifications or changes in former orders not limited by Sec. 55, but refusal to reopen case for reconsideration of question previously determined is not appealable. *Stevenson v. Hill*, 170 Md. 676, 185 A. 551.
>
> The annotation, with few non-substantive edits, has consistently appeared with each iteration of the Maryland Code and now appears under the section entitled "III REOPENING CASE, Extent of power to reopen cases." Md. Code (1991, 2016 Repl. Vol.), § 9-736 of the Labor and Employment Article. *See Kingsley v. Makay*, 253 Md. 24, 27, 251 A.2d 585, 587 (1969) (looking to a section of the Maryland Code "and the cases cited in the annotation thereto[,]" for authoritative support).

Gang, 464 Md. at 288 n.13, 211 A.3d at 366 n.13.

Most recently, in Montgomery Cty. v. Cochran, 471 Md. 186, 242, 240 A.3d 1169,

1201 (2020), we discussed LE § 9-736, LaBonte, and Gang and rejected the contention that the statute and cases stand "for the proposition that the Commission's finding of a compensable disablement . . . is reviewable at any time." In relevant part, we explained:

> Neither LaBonte nor Gang holds that any issue whatsoever pertaining to a workers' compensation claim may be reviewed at any time. In LaBonte, 454 Md. at 143, 164 A.3d at 175, we recognized the Commission's authority under LE § 9-736(b) to modify its previous orders. Our holding in LaBonte, id. at 143, 164 A.3d at 175, however, concerned the Commission's modification of an award of compensation upon a claimant's worsening of condition, which we concluded the Commission was permitted to do. We explained that LE § 9-656(a) empowered the Commission to make a determination at a later date that a claimant's condition worsened and that "LE § 9-736(b)(2) authorized the Commission to modify its previous finding of the proportion of [the claimant]'s back condition that was due to his accidental personal injury." Id. at 143, 164 A.3d at 175. And, in Gang, 464 Md. at 293, 211 A.3d at 369, we held that the Commission had continuing jurisdiction to retroactively correct the rate of compensation in an award for permanent partial disability based on an error where the claimant had sought modification prior to the expiration of the five-year period of limitations. Notably, neither LaBonte nor Gang concerned modification (or flat-out reversal) of the Commission's finding of a compensable disablement, and neither case states, let alone implies, that the Commission's finding of a compensable disablement may be reviewed or appealed at any time, or when the employer has not appealed the issue of compensability in the first instance.

Cochran, 471 Md. at 242-43, 240 A.3d at 1201-02.

**Analysis**

After a thorough review of the applicable authorities, we hold that, where a party requests that the Commission reopen or modify a claim under LE § 9-736(b) and the Commission summarily denies the request without a hearing and does not consider new

- 31 -

evidence or the merits of the request to reopen/modify,[11] or make findings with respect to the merits of the request or of the earlier order in a new or amended order denying the request, the Commission's denial is not subject to judicial review. In this case, on June 25, 2015, the Commission issued an order in which it, among other things, denied Sanders's request for authorization for shoulder surgery. Sanders did not file a petition for judicial review or request a rehearing. Months later, although the Commission did not authorize shoulder surgery, Sanders underwent shoulder surgery and paid for it using her health insurance. On October 15, 2018, Sanders filed a request for modification of the Commission's June 25, 2015 order, which was denied. On January 3, 2019, Sanders filed a second request for modification of the Commission's June 25, 2015 order, raising the same issue—authorization of medical treatment and requesting payment of Dr. Murthi's bills. One day after the second request for modification was filed, on January 4, 2019, the Commission denied the request for modification without a hearing, stating only that the request was denied. In addition to not conducting a hearing, in denying the second request for modification, the Commission did not discuss the merits or propriety of the June 25, 2015 order or the request for modification or rely on new evidence in reaching its decision.

The Commission summarily denied the second request for modification, and in accord with longstanding principles set forth in our case law, we conclude that Sanders did

---

[11]In the absence of a hearing, the Commission's reading of a request to reopen or modify and any accompanying attachments or exhibits and summary denial of the request does not constitute consideration of new evidence unless the order denying the request includes findings with respect to the proposed new evidence, the merits, or indicates otherwise.

not have the right to seek judicial review of the denial. As such, the circuit court erred in denying Respondents' motion to dismiss the petition for judicial review and cross-motion for summary judgment and in granting Sanders's motion for summary judgment and remanding the case to the Commission for action on the second request for modification.

We begin by discussing the language of the provision at issue. Pursuant to the plain language of LE § 9-736(b), the Commission is vested with broad authority to decide whether to reopen or modify a case once a request to do so has been made. See LE § 9-736(b)(2) ("Subject to paragraph 3 of this subsection, the Commission may modify any finding or order as the Commission considers justified."). Stated differently, the Commission has wide discretion to either modify a finding or order that it has previously issued or not do so under LE § 9-736(b), provided that a request to modify is made within the statutory limitations period of five years outlined in LE § 9-736(b)(3). Here, it is evident that the Commission exercised the broad discretion given to it by summarily denying Sanders's request and refusing to reopen or modify her claim.

LE § 9-736(b) is silent as to whether there is a right to judicial review of a summary denial of the Commission decision (made under the subsection) concerning a matter the Commission has already addressed. To be sure, LE § 9-737 generally provides for judicial review of a decision by the Commission where a petition for judicial review is filed within thirty days after the date of the mailing of the Commission's order. Nevertheless, our case law makes clear that the summary denial of a request to reopen or modify under LE § 9-736(b) is not subject to judicial review—*i.e.*, that summary denial of a request to reopen or modify is not a decision of the Commission that is reviewable. This principle began

- 33 -

developing in our case law nearly a century ago, starting with <u>Gold Dust</u>, 159 Md. at 667, 152 A. at 502, a case in which we determined that judicial review of a decision denying a request to reopen was not possible even after a hearing.

In <u>Gold Dust</u>, <u>id.</u> at 666, 152 A. at 501, we recognized that a refusal to reopen a claim constitutes a decision of the Commission but concluded that such a decision is merely "a decision not to interfere with a previous decision settling the merits of the claim." And, we stated that it was "regularly considered that a decision declining to interfere with a previous decision is not one intended to be included under a general statutory allowance of appeal from any decision." <u>Id.</u> at 666, 152 A. at 501. In <u>Stevenson</u>, 170 Md. at 682-83, 185 A. at 554, we reiterated the principle and stated that, as to a question already decided by the Commission, "none of the parties has a right to require that the case be reopened or to appeal from a refusal to comply with such a demand." In <u>Robin Express</u>, 247 Md. at 263-65, 230 A.2d at 671-72, we again held that the Commission's decision to deny a request to reopen or modify a claim is not reviewable and stated: "If a court or administrative body reopens a case its second decision, be it the same or different from its previous decision, is a new holding; if it refuses to reopen, it decides only not to interfere with its previous decision which stands unimpeached as of its original date."

More recently, in <u>Blevins</u>, 352 Md. at 633, 724 A.2d at 28, we favorably cited <u>Gold Dust</u> and <u>Robin Express</u> and set forth set forth the following principles:

> When, upon the filing of an application to reopen . . . , the Commission enters a new order that differs in any material way from the earlier order, whether or not the end result is the same, it is obvious that the matter has been reconsidered and a new holding made. Conversely, if the Commission denies an application without discussing the merits or propriety of the earlier

order, it is evident that the earlier order has not been reconsidered and no new holding has been made.

In Blevins, for the first time, when citing our earlier cases for the proposition that the Commission's denial of a request to reopen is not subject to judicial review, we distinguished between decisions in which the Commission takes new evidence and considers the merits of a request to reopen and of an earlier order and decisions in which the Commission summarily denies a request to reopen. With respect to the former, a right to judicial review exists, whereas, with respect to the latter, a right to judicial review does not exist.

It makes sense that where the Commission considers the merits of the request or relies on new evidence to issue a different or amended order, that decision is reviewable— a whole new decision has been made of which an aggrieved person may seek judicial review pursuant to LE § 9-737. By contrast, where the Commission summarily denies a request to reopen or modify, no new decision has been made and the previous order stands unchanged, *i.e.*, there is nothing new to review. To distinguish between the two types of decisions, we have urged the Commission, "when considering applications to revise an earlier final decision, to make clear whether it is denying the application or granting it and entering a new order[,]" as that would "help remove the uncertainty with respect to the right of the applicant to seek judicial review under [LE] § 9-737." Blevins, 352 Md. at 635, 724 A.2d at 29. In Blevins, id. at 633-34, 724 A.2d at 28, we stated that a circuit court should examine

> whether the Commission has, in effect, granted the application and affirmed its earlier ruling or has simply declined to reconsider that ruling. In trying to

fathom the Commission's intent, the court should consider, among other things, whether evidence was taken on the application, whether, in entering its new order, the Commission discussed or made findings with respect to the correctness, validity, or propriety of the earlier order, and whether, in denying relief, the Commission either acted summarily, without assigning reasons, or focused only upon defects in the application itself.

We are not persuaded by Sanders's contention that the right to seek judicial review should be treated the same under both LE § 9-736(a) and LE § 9-736(b), such that there is an automatic right to judicial review upon summary denial of a request to reopen under LE § 9-736(b). There are key differences between LE § 9-736(a) and (b) and the provisions themselves are independent of one another. As we recently explained, although LE § 9-736(a) and (b) are now codified in the same section, the provisions are "wholly independent of one another" and subsection (a) does not in any way limit subsection (b) "to prospective modification." Gang, 464 Md. at 285, 290, 211 A.3d at 364, 367. By their plain language, the two subsections provide for different rights and remedies. LE § 9-736(a) allows a party to apply for prospective readjustment of the rate of compensation due to "aggravation, diminution, or termination of disability" that "takes place after the rate of compensation is set or compensation is terminated[.]" As we stated in Gang, 464 Md. at 289-90, 211 A.3d at 367, LE § 9-736(a) "permits only the prospective adjustment of the rate of compensation in cases of aggravation, diminution or termination of disability[.]" There is a right to judicial review of a decision by the Commission on a petition under LE § 9-736(a)— whether such a decision is a grant or a denial or "refusal to reopen the case for such a purpose"—"because it is the denial of a right to a hearing by the commission upon a question not previously presented and decided." Stevenson, 170 Md. at 683, 185 A. at 554.

On the other hand, as we recognized in Gang, 464 Md. at 290, 293, 211 A.3d at 367, 369, the Commission's authority under LE § 9-736(b) is not limited to prospective application but rather involves the Commission's ability to consider retroactive modifications to awards. LE § 9-736(b) expressly provides the Commission with "continuing powers and jurisdiction over" workers' compensation claims and permits the Commission to "modify any finding or order" within the five-year statutory limitations period. Unlike a request made under LE § 9-736(a), a request to reopen or modify made under LE § 9-736(b) is a request that the Commission exercise its powers to reconsider a previously rendered decision. However, just as the grant or denial of petition to reopen or modify under LE § 9-736(a) constitutes a new decision on a matter that has not been previously decided, the grant of a petition to reopen or modify under LE § 9-736(b) or the denial of such a petition after consideration of the merits of a prior order or issuance of a new or amended order constitutes a new decision on a matter that has not been previously decided, and the right to judicial review exists. There is, however, no right to seek judicial review of the Commission's decision summarily denying a request to reopen or modify under LE § 9-736(b) because that type of a decision is a determination not to interfere with or to inquire into the merits of an already decided issue. See, e.g., Stevenson, 170 Md. at 683, 185 A. at 554.

We are not convinced that considerations of due process compel a different result or that Sanders would somehow be denied due process if not permitted to seek judicial review of the Commission's denial of her second request for modification. It is evident that, in this case, after the Commission issued the original order on June 25, 2015, Sanders

had the opportunity to file a petition for judicial review within thirty days pursuant to LE § 9-737 and she chose not to do so. Under the statute, all parties are afforded the ability to seek judicial review of an original order of the Commission within thirty days of the mailing of the order; yet, in this case, Sanders did not avail herself of the opportunity. In addition, under LE § 9-726(a), after the issuance of an order resolving a claim, the parties have the right to request rehearing. Sanders could have requested a rehearing within fifteen days of the Commission's decision pursuant to LE § 9-726(a), but she did not pursue that avenue of review either. With respect to the original order, Sanders filed a claim for workers' compensation benefits, the Commission conducted an evidentiary hearing, Sanders presented evidence at the hearing (including her own testimony), the Commission issued a written order resolving the claim, and Sanders had the opportunity under LE § 9-726 to request a rehearing and under LE § 9-737 to petition for judicial review. The Maryland Workers' Compensation Act affords procedural due process by, among other things, providing for rehearing and judicial review of decisions of the Commission, judicial review of decisions granting or denying requests to reopen under LE § 9-736(a), and judicial review of decisions under LE § 9-736(b), where the Commission grants a request to reopen or denies a request after considering the merits or issuing a new or amended order.

Under the guidelines we set forth in Blevins, 352 Md. at 633-34, 724 A.2d at 28, for determining whether the Commission's decision denying a petition to reopen or modify is a new order or a summary denial, it is eminently clear in this case that the Commission's January 4, 2019 decision denying Sanders's second request for modification was a

summary denial for which no right to judicial review exists, and that the circuit court erred in denying Respondents' motion to dismiss and cross-motion for summary judgment. Sanders filed her second request for modification on January 3, 2019, and the Commission issued the order denying the request the next day. In issuing the order denying the second request, the Commission did not conduct a hearing at which it received new evidence, no testimony was taken, and the order denying the request did not address the merits of the June 25, 2015 order. The January 4, 2019 order is titled "Request for Modification Denied" and consists of three short sentences set forth as separate paragraphs that state that a request for modification was filed, that the Commission "will deny" the request, and that the request, "be and the same, is hereby denied." (Bolding and some capitalization omitted). In the order denying the second request, the Commission did not make any findings with respect to the merits of the request or even mention the June 25, 2015 order. Absolutely nothing in the January 4, 2019 order could lead to the conclusion that the order is anything other than a summary decision by the Commission refusing to modify its previous order.[12]

The Commission's decision in this case is different from its decision in other cases where judicial review was available. For instance, in LaBonte, 454 Md. at 120, 164 A.3d at 161, the claimant filed a petition to reopen, alleging that his condition had worsened and seeking additional permanent partial disability benefits. The Commission granted the

---

[12]The circumstances in this case are distinguishable from those in Blevins, 352 Md. at 634-35, 724 A.2d at 28-29, in which we concluded that the Commission's action in denying the employer's application was "ambiguous" and that "reasonable minds could differ, on this record, of what the Commission's true intent was with respect to the application."

petition to reopen, conducted a hearing, and issued an order denying the request for additional benefits, finding that there had not been a worsening of the claimant's condition causally related to his work-related injury. See id. at 125, 164 A.3d at 164-65. The claimant sought judicial review. See id. at 120, 164 A.3d at 162. In contrast to this case, in LaBonte, the Commission granted the petition to reopen, conducted a hearing on the petition, and then issued a new order denying the request made in the petition—a decision for which the right to judicial review exists.

As a final matter, we are not persuaded by Sanders's reliance on Suber v. Wash. Metro. Area Transit Auth., 73 Md. App. 715, 536 A.2d 142 (1988), for the proposition that the Commission's denial of a request to reopen under LE § 9-736(b) is subject to judicial review under an abuse of discretion standard. The facts of Suber are distinguishable from those in the instant case and the language on which Sanders relies is *dicta* in a footnote. In Suber, id. at 717, 536 A.2d at 143, an employee who was injured in the course of his employment received temporary total disability benefits for several months and returned to full-time employment duties. The employee filed a claim for workers' compensation and the Commission notified the employer of the claim and the consideration date—"[t]he date, of which all parties are notified, after which the Commission will decide the claim, without hearing, on the basis of information on file, if issues are not filed prior to that date." Id. at 718 & n.1, 536 A.2d at 143 & n.1 (cleaned up). After receiving no response from the employer, the Commission issued a *pro forma* order, finding that the employee sustained an accidental personal injury during the course of employment but that the nature and extent of the disability sustained could not be determined at that time. See id. at 718,

536 A.2d at 143.

The employee submitted to the Commission an issue concerning the nature and extent of any permanent partial disability and the employer responded by filing four issues, including one challenging whether the employee had sustained an accidental personal injury during the course of his employment and whether his disability was the result of such an accident. See id. at 718, 536 A.2d at 143. Over the employee's objection, the Commission allowed the employer to pursue the late-filed issues. After taking testimony, the Commission issued an order finding that the employee did not sustain an accidental injury during the course of employment, disallowing the claim, and rescinding and annulling the *pro forma* order. See id. at 718-19, 536 A.2d at 143. The employee sought judicial review in the circuit court, contending that the Commission lacked the authority to consider issues that were submitted after issuance of the *pro forma* order and arguing that the employer had waived the right to contest the claim. See id. at 719, 536 A.2d at 143-44. Both parties moved for summary judgment and the circuit court granted the employer's motion, ruling that Md. Code, Art. 101, § 40(c) (now LE § 9-736(b)) permitted the Commission to hear the issues. See id. at 719-20, 536 A.2d at 144. The employee appealed to the Court of Special Appeals, which affirmed the circuit court's judgment. See id. at 719, 536 A.2d at 144.

The Court of Special Appeals stated that Md. Code, Art. 101, § 40(c) provides the Commission with revisory power similar to Maryland Rule 2-535, but without a thirty-day limitation, making it "clear that the Commission is not irrevocably bound by its earlier findings." Id. at 720-21, 536 A.2d at 144 (cleaned up). In a footnote, the Court of Special

Appeals described the revisory power of Md. Code, Art. 101, § 40(c) as "analogous to that of M[aryland] Rule 2-535," and stated:

> The granting or denial of a motion to strike out an enrolled judgment pursuant to that Rule is in the nature of a final judgment, and, therefore, is appealable. Appellate review of such a decision involves determining whether the hearing judge abused his or her discretion. Given the similarity between Rule 2-535 and § 40(c), we think the identical principle applies: a decision to modify prior findings and orders, or the denial of same, is appealable and may be overturned upon a showing of an abuse of discretion.

Id. at 723 n.4, 536 A.2d at 146 n.4 (citations omitted).

It is clear that Suber is factually distinguishable from this case. In Suber, id. at 718-19, 536 A.2d at 143, the Commission exercised its continuing jurisdiction and authority to grant what was, in essence, a request to reopen and modify an earlier issued *pro forma* order. The Commission heard testimony and issued an order rescinding and annulling the *pro forma* order. See id. at 719, 536 A.2d at 143. Basically, the Commission made a different finding—that the employee did not sustain an accidental injury—and issued a new order, thereby giving rise to the right to judicial review. By contrast, in this case, the opposite occurred—the Commission summarily denied the second request for modification, without holding a hearing, taking testimony, or making findings about the merits of the request.

In Suber, in the footnote, the Court of Special Appeals stated that the Commission's "decision to modify prior findings and orders, or the denial of same, is appealable" and may be overturned upon a showing of an abuse of discretion. Id. at 723 n.4, 536 A.2d at 146 n.4. In so stating, the Court of Special Appeals indicated that an appeal is permissible from a decision denying a request to modify. See id. at 723 n.4, 536 A.2d at 146 n.4.

Inclusion of the clause—"or the denial of same"—in the footnote is *dicta*, however, because <u>Suber</u> did not involve any issue whatsoever as to a denial of a request to modify under what is now LE § 9-736(b). <u>Id.</u> at 723 n.4, 718-19, 536 A.2d at 146 n.4, 143. And, although the Court of Special Appeals cited cases in the footnote, there is no citation to any case supporting the clause at issue. <u>See id.</u> at 723 n.4, 536 A.2d at 146 n.4.[13] In addition, the Court of Special Appeals's reference to the "denial of same" being appealable made no distinction between the Commission's denial of a request to reopen under LE § 9-736(b) after a hearing and the issuance of an order addressing the merits of the request and the summary denial of a request to reopen under LE § 9-736(b).

Regardless, even setting aside the factual distinctions between <u>Suber</u> and this case and the differences between a motion filed under Maryland Rule 2-535 and a request filed under LE § 9-736(b), in cases issued after <u>Suber</u>, this Court has not adopted the notion, as

---

[13]In addition, as a practical matter, a motion filed pursuant to Maryland Rule 2-535 is not the same as a request to reopen or modify filed under LE § 9-736(b) and is subject to different limitations. A motion filed either pursuant to Maryland Rule 2-535(a) generally or Maryland Rule 2-535(c) on the ground of newly-discovered evidence must be filed within thirty days after entry of judgment. After the thirty-day window has expired, a circuit court may exercise revisory power and control over the judgment only in case of fraud, mistake, or irregularity, or where a clerical mistake may need to be corrected. <u>See</u> Md. R. 2-535(b), (d). In other words, a motion to revise filed under Maryland Rule 2-535 is subject to a strict thirty-day time limit (the same timeframe as for an appeal in a civil case) and may only be granted after the thirty days based on strict particularized reasons. By contrast, a request to reopen or modify under LE § 9-736(b) is subject to a five-year limitations period and the statute does not impose limits on the grounds on which a request to reopen may be made. And, at the risk of stating what may be obvious, a ruling on a motion under Maryland Rule 2-535 is the ruling of a circuit court. Given these differences, it is logical that a trial court's ruling under Maryland Rule 2-535 would be handled differently than a decision of the Commission summarily denying a request to reopen under LE § 9-736(b) for purposes of appeal or judicial review.

Sanders contends, that the Court of Special Appeals expressed—that the summary denial of a request to modify is appealable—and instead has continued to restate the principle that the summary denial of a request to reopen is not subject to judicial review. See Blevins, 352 Md. at 632-33, 724 A.2d at 27-28; Gang, 464 Md. at 288 n.13, 211 A.3d at 366 n.13. Nothing in Maryland case law, other than the offhand remark in *dicta* in a footnote in Suber, remotely indicates that summary denial of a request to reopen is reviewable. Rather, in Blevins, 352 Md. at 633-34, 724 A.2d at 28, we set forth a process for distinguishing between the situations in which a denial of a request to reopen or modify is reviewable (denial after a new order is issued) and when it is not (a summary denial) and we have determined that a summary denial is not subject to judicial review.

In sum, we conclude that the Commission's January 4, 2019 order denying Sanders's second request for modification was a summary denial and, as such, not subject to judicial review. The Commission did not hold a hearing or address the merits of the request for modification or of the earlier order. Rather, in the order, the Commission summarily denied the request for modification, *i.e.*, the Commission made a summary decision not to interfere with the order of June 25, 2015 that had settled the merits of the claim and from which Sanders had an opportunity to seek judicial review and rehearing. As such, the circuit court erred in granting Sanders's motion for summary judgment and remanding the case to the Commission. We conclude, as the Court of Special Appeals in this case did, that such a remand "negates the difference between the two types of denials of requests to reopen noted in *Blevins*" and, "[b]y ordering the Commission to exercise discretion on the record, the [circuit] court is essentially taking away the power of the

- 44 -

Commission to summarily deny a request to reopen." <u>Sanders</u>, 250 Md. App. at <u>101</u>, 248

A.3d at 1117 (citation omitted).  For the reasons set forth herein, we affirm the judgment

of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED.  PETITIONER TO PAY COSTS.**